265 So.2d 716 (1972)
AETNA INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Leste M. KING, Also Known As Mrs. Fred W. King, Appellee.
No. P-359.
District Court of Appeal of Florida, First District.
August 24, 1972.
*717 Ernest W. Welch, of Isler, Welch, Bryant, Smith, Higby & Brown, Panama City, for appellant.
James A. Johnston, of Fitzgerald & Johnston, Pensacola, for appellee.
RAWLS, Judge.
Appellant, Aetna Insurance Company, appeals from a final judgment of $13,083.39[1] which was awarded to appellee, Mrs. Leste King, for losses she sustained when a building and its contents insured by Aetna were destroyed by fire. The decisive question on this appeal is whether at the time of the fire Mrs. King had an insurable interest in the destroyed building and its contents.
Prior to October of 1964 Mrs. King and her husband were owners in fee simple[2] of real property in Sneads, Florida, upon which was located a concrete block building in which the Kings operated a grocery store. During the early months of 1964 Mr. and Mrs. King were both in a declining state of health which prohibited them from devoting the necessary attention to their grocery business. On October 12, 1964, Mr. and Mrs. King conveyed the real property in fee simple to their daughters, Freida K. Nichols and Gay K. Kinard.
For the next several years the daughters and their husbands cared for the Kings and helped run the grocery store. The proceeds from the store were placed in a *718 special bank account and expended to meet the needs of the Kings.
On February 22, 1967, Aetna issued to Mrs. King[3] a policy insuring her against any loss she might sustain from the destruction of the building and its contents by fire.[4] On June 28, 1967, Gay K. Kinard, joined by her husband, quitclaimed her interest in the real property to Freida and Colie Nichols, Jr. On this same day the Nichols and Kinards entered into a written "Memorandum of Understanding" to the accord that all proceeds from the property would be used for the care and support of Mrs. King. The Nichols leased the store and placed the rent proceeds in a special account for Mrs. King. During this period of time Mrs. King repeatedly required hospitalization in addition to her everyday care. Her needs were provided for by proceeds from the store building. On December 29, 1967, the store building and all of its contents were destroyed by fire. Aetna denied Mrs. King's claim for loss on the grounds that at the time of the fire Mrs. King did not have an insurable interest in the store and its contents.
The public policy of this state renders an insurance policy invalid when the insured has no insurable interest in the property or the risk insured on the grounds that same constitutes a wagering contract.[5] In Florida the Legislature has established that an insurable interest is "... any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."[6] (Emphasis added.) The measure of the insurable interest is the extent to which the insured will be damnified by the loss of the property.[7]
Aetna contends that Mrs. King had no insurable interest in the property as she held neither "legal" nor "equitable"[8] title to the store and its contents. In Florida an "insurable interest" is not determined by the concept of title, but rather whether the insured has a substantial economic interest in the property.[9]
Our sister state of Virginia in a case strikingly similar to this cause held that a divorcee had an insurable interest in a building owned by her former father-in-law in which she conducted a general merchandise business in order to support herself and her children.[10] The following remarks from the Virginia decision are particularly applicable:
"... It was her livelihood. She had no other way by which to support herself and her children. To protect this interest was not to gamble and in undertaking to protect it she violated no public *719 policy. To hold that she had no pecuniary interests in continuing this business upon which she depended for support because she had no legal title is to stick in the bark. She was not only interested, she was vitally interested; her living hung upon it."
The testimony at trial which the jury resolved was that at the time of the fire Mrs. King suffered poor health. Having been repeatedly hospitalized for a nervous condition she was unable to work and her livelihood was the destroyed property. To say that she had no "insurable interest" is to deny the very fact from which she drew her financial livelihood.
The judgment below is affirmed; appellee's cross appeal is denied.
CARROLL, DONALD K., Acting Chief Judge, and JOHNSON, J., concur.
NOTES
[1] A remittur on the jury award in the sum of $1,725.00 was granted by the trial judge which reduced the total judgment to $13,083.39. Appellee has cross appealed the granting of the remittur.
[2] The property was subject to several mortgages.
[3] Mr. King died in January of 1967.
[4] The applicable portion of the policy provides:

"In consideration of the provisions and stipulations herein, or added thereto ... this company ... does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of the loss ... nor in any event for more than the interest of the insured, against all direct loss by fire, lightning and by removal from premises endangered by the perils insured against in this policy ..."
[5] 18 Fla.Jur., Insurance, § 478 (1971).
[6] F.S. § 627.405(2), F.S.A.
[7] F.S. § 627.405(3), F.S.A.
[8] Aetna devotes considerable attention in its brief to the question of whether Mrs. King can be considered the beneficiary of a resulting trust. We do not find that issue to be relevant to a determination of this cause.
[9] See Skaff v. United States Fidelity & Guaranty Company, Fla.App., 215 So.2d 35 (1968). There, this Court speaking through Judge Spector held that an innocent purchaser who paid in excess of $4,000.00 for a stolen automobile had an "insurable interest" even though he had neither equitable nor legal title to the automobile.
[10] Liverpool & London & Globe Insurance Co. v. Bolling, 176 Va. 182, 10 S.E.2d 518, 521 (1940). See also Smith v. Eagle Star Insurance Co., 370 S.W.2d 448 (Texas 1963).