PER CURIAM.
This is an interlocutory appeal from a partial summary judgment construing the terms of an insurance policy and holding that there was coverage under a policy issued by the defendant Allstate Insurance Company. There is no dispute as to the facts and the question is whether or not the plaintiff was entitled to a partial summary judgment as a matter of law.
The defendant issued its insurance policy to Michael G. Fulton, who was the husband of Marcia H. Fulton, the plaintiff here. The policy was a homeowner’s policy covering losses by burglary or theft. After the filing of suit and an answer denying coverage, the defendant filed a request for admissions. The plaintiff failed to answer the request for admissions and, therefore, admitted the request. Fla.R.Civ.P. 1.370. Two of the admissions which stand upon this record are that (1) the plaintiff is not the person identified as the named insured on the declarations page of the contract, and (2) that on the date of the loss, the plaintiff was not a resident of the household of the named insured, Michael Fulton. It affirmatively appears from the policy attached to the complaint that a wife is not an insured unless she is a resident of the named insured’s household.[1] It, therefore, appears as a matter of law that the property of the spouse, who was not a resident in the named insured’s household, was not covered at the time of the loss. The trial judge in his order suggested as follows:
“1. That MICHAEL G. FULTON was the named insured under the policy of insurance sued upon by MARCIA H. FULTON.
“2. That on the date of the loss the marriage between MARCIA H. FULTON and MICHAEL G. FULTON had not, as yet, been legally terminated by decree of Court.”
The fact that the policy was issued when the parties were living together does not provide coverage to a wife who is not a resident of the covered premises. In the instant case, it further appears without controversy that the property was not located at the residence.
The wife’s argument that because she was an insured at the time of the issuance of the policy, she was, therefore, covered under the portion of the policy providing for temporary residence, simply cannot be a reason for coverage inasmuch as once she ceased to be a resident spouse “of the Named Insured’s household,” she ceased to be an insured. See Ringenberger v. General Accident Fire and Life Assurance Corporation, 214 So.2d 376 (Fla. 4th DCA 1968); General Accident Fire and Life Assurance Corporation v. Liberty Mutual Insurance Company, 260 So.2d 249 (Fla. 4th DCA 1972); and Fernandez v. United States Fidelity and Guaranty Company, 308 So.2d 49 (Fla. 3d DCA 1975).
Accordingly, the partial summary judgment appealed is reversed and the cause is *856 remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.

. “DEFINITIONS
(Applicable tb Sections as Indicated)
Applicable to All Sections of the Policy When used in this policy the following definitions apply:
1. ‘insured’ means
(a) the Named Insured stated in the Declarations of this policy;
(b) if residents of the Named Insured’s household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; and .
2. ‘insured premises’ means
(a) the residence premises described on the Declaration Page of this policy; and . . . ”