366 So.2d 123 (1979)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Joyce Irene EDDINGER, Formerly Joyce Irene Chafin, Appellee.
No. 78-285.
District Court of Appeal of Florida, Second District.
January 5, 1979.
John W. Berry, Sarasota, for appellant.
E. David Tyner of Sumner, Tyner, Williams, McKnight & Ross, Dade City, for appellee.
OTT, Judge.
The question presented is whether the fraudulent act of a named co-insured voids the policy protection to an innocent co-insured. We answer the question in the negative and affirm.
Mr. Chafin and his wife, Joyce Irene Chafin, (now known as Joyce Irene Eddinger) were married in 1973. The then husband and wife secured a standard homeowner's insurance policy with appellant for their jointly owned home. The Chafins were divorced in 1974. Ownership of the home continued in their joint names as tenants in common. The original policy was thereafter renewed to insure their continuing interests as such co-owners. In 1976 a fire totally destroyed the insured premises.
The insurance company denied Mr. Chafin's claim on the ground that he had committed fraud and was responsible for the fire. Mr. Chafin brought an action for damages under the insurance policy. Mrs. Eddinger intervened as a party defendant and then asserted a cross-claim against the insurance company. It was stipulated that she was innocent of any fraud involving the fire.
The lower court entered summary judgment for Mrs. Eddinger on her cross-claim from which appellant brings this appeal.
Appellant contends that Mr. Chafin's fraudulent act voided any protection for Mrs. Eddinger. Appellant points to the following policy provision:
[The] entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.
*124 Appellant argues that it is clear from the language of the entire policy that the insurance company intended to insure Mr. Chafin and any named insured jointly. In no case, argues the appellant, was the insurance severable so as to provide separate insurance of the respective interests of two or more joint owners and co-insureds.
We disagree. In construing the insurance policy, the question whether the coverage was joint or several must be construed in favor of the appellee since there is no clear indication to the contrary. The above policy language is capable of more than one possible interpretation. In such case the interpretation should be given which provides coverage to the insured. See, Feldman v. Central National Insurance Company of Omaha, 279 So.2d 897 (Fla.3d DCA 1973).
There is no Florida case law directly on point. However, we are persuaded by those cases from other jurisdictions to the effect that the fraud of a co-insured does not void the coverage of the innocent co-insured. In Howell v. Ohio Casualty Insurance Company, 130 N.J.Sup. 350, 327 A.2d 240 (N.J.App. 1974) the court held that the fraud of the co-insured husband did not void the policy as to the co-insured wife. The court stated:
The significant factor is that the responsibility or liability for the fraud  here, the arson  is several and separate rather than joint, and the husband's fraud cannot be attributed or imputed to the wife who is not implicated therein.
327 A.2d at 242. See Mercantile Trust Co. v. New York Underwriters Insurance Co., 376 F.2d 502 (7th Cir.1967); Hoyt v. New Hampshire Fire Insurance Co., 92 N.H. 242, 29 A.2d 121 (1942).
The summary judgment for the appellee is affirmed.
HOBSON, Acting C.J., and RYDER, J., concur.