DANIEL S. PEARSON, Judge.
Corat International, Inc., a supplier of prefabricated housing and institutional equipment, shipped sixteen containers of telephone equipment to a customer in Saudi Arabia, Communication Equipment & Technology Establishment (C.E.T.E.). As required by the letter of credit, the goods were shipped C.I.F. Jeddah (Saudi Arabia), and Corat arranged through its freight forwarder to insure the shipment. Insurance was obtained from the appellees, John Joseph Taylor and Andrew Weir Insurance Co., Ltd. of London (collectively, Lloyds of London; hereafter, “Lloyds”), and was issued “in account of ... Corat International, Inc.”
After two of the containers washed overboard during the voyage, Corat replaced the lost goods at its expense and filed suit against Lloyds for the loss. According to the timely-filed affidavit of Corat’s president, C.E.T.E. had assigned to Corat all rights to any insurance proceeds. Nonetheless, the trial court entered summary judgment in favor of Lloyds, reasoning that:
“The Plaintiff herein is not the real party in interest. Florida Rules of Civil Procedure Rule 1.210(a) provides that every action must be prosecuted in the name of the real party in interest. In the case sub judice Plaintiff was the shipper of goods to the Saudi government. The goods in question were shipped pur *1187 suant to an ordinary C.I.F. contract. When goods are shipped C.I.F., title to the goods passes to the consignee upon delivery to the carrier, and the consignee bears the risk of loss in transit. Farbwerke Hoeschst A.G. v. M/V “Don Nicky”, 589 F.2d 795 (5th Cir., 1979); York-Shipley, Inc. v. Atlantic Mutual Insurance Company, 474 F.2d 8 (5th Cir., 1973) [vacated, 476 F.2d 1283 (5th Cir.1973) ]. The shipper retains the risk of loss only until he delivers the goods to the carrier. Sig M. Glukstad, Inc. v. Lineas Areas Paraguayas, 619 F.2d 457 (5th Cir., 1980). There is no evidence in the record that the consignee (who is the real party in interest) has ratified the Plaintiffs capacity to sue in the consignee’s behalf. At no time did the consignee assign its right to sue to the Plaintiff. Plaintiff can not now cure this fatal defect. '* * * (T)he right of a Plaintiff to recover must be measured by the facts as they existed when the suit was instituted.’ The City Counsel [sic] of the City of North Miami Beach v. Trebor Construction Corp., 277 So.2d 852, 853 (3 D.C.A., Fla.1973) [cert. discharged, 296 So.2d 490 (Fla.1974) ]; City of Coral Gables v. Sakolsky, 215 So.2d 329, 335 (3 D.C.A., Fla.1968) [cert. denied, 225 So.2d 526 (Fla.1969) ]; Voges v. Ward, 123 So. 785, 791 (Fla.1929). The subject suit was filed by Plaintiff on November 25, 1981. At that time Plaintiff was not the real party in interest and had no standing to sue.” [1]
Corat appeals. We reverse.
Although we agree that Corat was not the real party in interest when it filed suit,[2] the disposition of Corat’s claim against the insurers does not, as the trial court believed, turn on whether Corat was the real party in interest, because as Florida Rule of Civil Procedure 1.210(a) plainly tells us, an action need not be prosecuted in the name of the real party in interest.[3] See Kumar Corporation v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA 1984).
Corat, as the named insured, most assuredly was a nominal party to the contract entered into by it for the benefit of C.E. T.E., and as such could bring suit in its own name without joining the real party in interest. See Durrant v. Dayton, 396 So.2d 1225 (Fla. 4th DCA 1981); 39 Fla. Jur.2d Parties, § 9 (1982). Indeed, Florida Rule of Civil Procedure 1.210(a) expressly provides:
“[a] party with whom or in whose name a contract has been made for the benefit of another ... may sue in his own name *1188 without joining with him the party for whose benefit the action is brought.”
Cf. Stanley Fine Furniture, Inc. v. North River Insurance Co., 411 So.2d 210 (Fla. 3d DCA), rev. denied, 418 So.2d 1280 (Fla.1982) (suggesting that Florida Rule of Civil Procedure 1.210 makes a nominal party to an insurance contract a real party in interest). Thus, as of November 25,1981, when this suit was instituted, Corat had standing to sue.
C.E.T.E., as the intended third-party beneficiary of the contract between Corat and Lloyds, see U.C.C. § 2-320, 1A U.L.A. 97, 98 comment 3 (1976), was the real party in interest when Corat began this action. See American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440 (1930); Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 249, 49 So. 556, 559 (1909) (on rehearing); 46 C.J.S. Insurance, § 1266 (1946). If or when it assigned its claim for the insurance proceeds to Corat is immaterial to the question of standing. The only effect of such an assignment would be to change the capacity of Corat from nominal party to assignee, and thus make Corat the real party in interest. A change of the plaintiffs capacity does not constitute a new cause of action, and any such change relates back to the original filing. See Kumar Corporation v. Nopal Lines, Ltd., 462 So.2d at 1185 n. 9, and cases collected.
Accordingly, the summary judgment under reveiw is reversed and the cause remanded for further proceedings.

. The bracketed citations do not appear in the trial court’s order.

. Nonetheless, Corat insists that it is the real party in interest by virtue of being the named insured in the Lloyds’ policy. The flaw in this argument is that under well-settled law, no contract for insurance of property is enforceable, "except for the benefit of persons having an insurable interest in the things insured at the time of the loss." § 627.405(1), Fla.Stat. (1983). See Knott v. State ex rel. Guaranty Income Life Ins. Co., 136 Fla. 184, 186 So. 788 (1939) (contracts which insure persons without insurable interest are wagering contracts and against the public policy of Florida); Peninsular Fire Insurance Co. v. Fowler, 166 So.2d 206 (Fla. 2d DCA 1964) (same); 44 CJ.S. Insurance, § 175(a) (1945). The notion that parties can create an insurable interest by contracting for it has been expressly rejected in Florida. See Meerdink v. American Ins. Co., 137 Fla. 587, 188 So. 764 (1939). Since there are no other facts upon which Corat can rely to show that it was the real party in interest, compare Kumar Corporation v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA 1984), we agree that Corat was not.

.Florida Rule of Civil Procedure 1.210(a) provides in pertinent part:
"Parties Generally. Every action may be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought _” (emphasis supplied).
By contrast, the federal counterpart, Fed.R. Civ.P. 17(a), states that ”[e]very action shall be prosecuted in the name of the real party in interest” (emphasis supplied) and allows the plaintiff a reasonable time to join or substitute the real party in interest or to obtain the real party in interest's ratification of the suit.