478 So.2d 1095 (1985)
The TRAVELERS INDEMNITY COMPANY, Appellant,
v.
DUFFY'S LITTLE TAVERN, INC., Etc., Appellee.
No. 84-1249.
District Court of Appeal of Florida, Fifth District.
October 10, 1985.
Rehearing Denied November 26, 1985.
Delia Doyle Rose, Daytona Beach, and Tink Deborah Cooper of Haas, Boehm, Brown, Ridgon & Seacrest, P.A., Orlando, for appellant.
Sam E. Murrell & Sons, Orlando, for appellee.
BOARDMAN, E., Associate Judge.
This case presents the question of whether a lease containing an option to purchase gives the lessee an insurable interest in the leased premises.
The appellee, Duffy's Little Tavern, Inc., lessee-option holder of a building, purchased an indemnity insurance policy from appellant, Travelers Indemnity Company. The policy included fire loss coverage up to $145,000 on the realty and $20,000 on the personal property within the building. The premises was subsequently completely destroyed by fire. The appellant refused the *1096 appellee's claim and filed a complaint in the circuit court seeking rescission, reformation, or declaratory relief regarding the insurance policy. The appellee filed a counterclaim demanding the entire coverage amount. After a nonjury trial the trial court entered final judgment in favor of the appellee in the amount of $165,000, the total coverage amount. In a supplemental final judgment the court awarded appellee prejudgment interest of $50,993.36 and attorney's fees in the amount of $21,000.
It is well-settled that in order for an insurance contract to be valid, a policyholder must have an insurable interest in the property insured at the time of the loss. § 627.405(1), Fla. Stat. (1983). The measure of an insurable interest in the property is the extent to which the insured might be damnified by the loss, injury, or impairment thereof. § 627.405(3), Fla. Stat. (1983). The appellee's lease contained an option to purchase but the said option operated independently of the rental payments and the option was never exercised in the manner required by the lease, i.e., no written notice was given. Therefore, it is clear the appellee did not have equitable or legal title to the realty. The coverage amount of $165,000 represents the insurable interest of the owner of the realty. However, while the appellee did have an insurable interest in the premises as a lessee public policy of Florida prohibits recovery of insurance proceeds in excess of one's insurable interest. See Meerdink v. American Ins. Co., 137 Fla. 587, 188 So. 767 (1939).
Since the appellee did contract for insurance coverage, it is entitled to recover from the appellant the amount of its insurable interest. We therefore reverse the final judgment and remand the case to the trial court for a determination of the appellee's insurable interest in the leased premises at the time of the fire loss, which may include the value of the use of the building during the unexpired term of the lease as well as the value of the leasehold improvements; the value of the contents and/or personal property belonging to the appellee and destroyed as a result of the fire; and such other relief as deemed necessary by the court including the issues of prejudgment interest and attorney's fees and remittance of any excess insurance premiums paid by the appellee to appellant.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
DAUKSCH and SHARP, JJ., concur.