MILLS, Judge.
Lloyd appeals from the dismissal of his third amended complaint with prejudice, contending the trial court erred in determining it failed to state a cause of action. We disagree and affirm.
Maxine Haddock, Lloyd’s sister, took out a loan from Credit Thrift of America and purchased a mobile home for the purpose of selling it to Lloyd for $5,500, which he was to pay in monthly installments of $148. She also obtained an insurance policy from Foremost on 17 August 1982 to protect her investment therein.
In October of 1982, Haddock increased the amount of her coverage on the mobile home. Following this, in January 1983, Lloyd wrote Foremost informing it his sister had very little interest remaining in the property and that she had threatened to set the mobile home on fire.
As a result of this letter, Foremost can-celled Haddock’s policy. However, a few weeks later, during the first part of 1983, Haddock was able to renew her coverage with the same agent who had earlier been informed of her alleged fraudulent intentions.
Although Lloyd was sent to prison in January of 1981, his wife continued the monthly payments until 4 February 1983, when Lloyd’s mother tendered the final payment on his behalf. Haddock refused, however, to turn the deed over to Lloyd as previously agreed.
Fire destroyed the mobile home on 22 May 1983 and Foremost paid Haddock on the claim pursuant to her policy. Despite Lloyd’s demands, Haddock has continuously refused to turn over the insurance proceeds or the deed to him. Consequently, Lloyd instituted the action below. However, in his final complaint he named only Foremost and its agent, Don Tullís, as defendants.
After considering the memoranda filed by the parties in connection with Lloyd’s third amended complaint, the trial court granted, with prejudice, Foremost’s motion to dismiss finding that the complaint failed *1153 to allege sufficient facts to state a cause of action upon which relief could be granted. Lloyd thereafter filed the instant appeal.
The Insurance Code provides that no contract of insurance of property, or of any interest in property, or arising from property is enforceable as to the insurance, except for the benefit of persons having an insurable interest in the things insured at the time of the loss. It goes on to define “insurable interest” as any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment. Section 627.405, Florida Statutes (1983). Based on this statute, the court in Aetna Insurance Company v. King, 265 So.2d 716 (Fla. 1st DCA 1982), held that when an insured has no “insurable interest” in the property or risk insured, the public policy of Florida renders the insurance policy invalid on the grounds that the same constitutes a wagering contract.
From the foregoing statements of law, it can readily be ascertained that the Foremost-Haddock policy could have been contested by the insurance company and found invalid, assuming Lloyd could have proven his sister held title to the property illegally. However, the fact that Haddock may not have been entitled to the insurance proceeds in no way implies a duty on the part of Foremost to have paid Lloyd instead, considering he was a stranger to the Foremost-Haddock policy, not a beneficiary or lienholder named therein, and no other relationship between the parties was established from which a duty on the part of the insurance company could be inferred.
Pleadings in Florida must contain ultimate facts to support each element of the cause of action, and Lloyd’s third amended complaint falls short of this standard. Clarke v. Boeing, 395 So.2d 1226 (Fla. 3d DCA 1981).
Accordingly, we are compelled to affirm the dismissal of the third amended complaint.
SHIVERS, J., concurs.
ZEHMER, J., concurs in result only.