522 So.2d 454 (1988)
Dorothy L. MORGAN and James A. Morgan, Wife and Husband, Appellants,
v.
AMERICAN SECURITY INSURANCE COMPANY, Appellee.
No. BT-19.
District Court of Appeal of Florida, First District.
March 15, 1988.
*455 Daniel M. Soloway and James F. McKenzie of McKenzie & Associates, P.A., Pensacola, for appellants.
Robert C. Palmer, III, of Harrell, Wiltshire, Stone and Swearingen, Pensacola, for appellee.
SMITH, Chief Judge.
The Morgans appeal a summary final judgment entered in favor of American Security Insurance Company (American Security) in their action on a fire insurance policy. Finding that the policy was avoided when the named insured and policyholder, Dorothy L. Morgan, parted with her insurable interest before the loss, we affirm.
While the Morgans were still married, Dorothy Morgan purchased insurance on their home from American Security.[1] The policy was issued on November 3, 1981, and provided that the term "insured" included the named insured  Dorothy L. Morgan  and any relative residing in the household. The definitional section provided that throughout the policy, "you" and "your" refer to the "named insured" in the declarations and the spouse if a resident of the same household. Shortly thereafter, the Morgans entered into a separation agreement and Dorothy quitclaimed her interest in the house to her husband as she was required to do by this agreement.[2] The Morgans divorced on August 26, 1982.
James Morgan purchased insurance on the home from another insurance company on October 22, 1982. On November 28, 1982, the house was destroyed by fire. On November 29, 1982, American Security mailed a cancellation notice to Dorothy Morgan for failure to pay premiums. Thereafter, James Morgan's insurance company tendered its policy limits on the premises in payment of the loss. When the Morgans sought to recover on Dorothy Morgan's insurance policy, American Security refused to pay and this suit followed.
After discovery, the trial court entered summary final judgment for American Security concluding, among other things, that Dorothy L. Morgan had no insurable interest in the property at the time of the loss because of her prior conveyance of her interest in the property to James Morgan; further, that James was not an insured under the policy because at the time of loss, he was not a spouse or relative of Dorothy's residing in her household.
The insured must have an insurable interest in the property at the time he takes out the insurance and at the time of the loss. Fire Insurance is considered a personal contract in that the hazards the insurance company elects to assume run to the individual rather than upon the property. If the insured parts with all interest in the property prior to the loss, it is not covered. A sale by the insured between the date of the policy and the date of the loss is considered to avoid protection. 4 Appleman, Insurance Law and Practice, § 2241 (1969). Further, the insurable interest of the parties to an insurance contract is determined by the facts existing at the time of the loss. Id. at § 2245. Accordingly, we agree with the trial court that Dorothy Morgan's transfer of her insurable interest in the property before the loss avoided protection. See also, Johnson v. Aetna Life & Casualty Co., 472 So.2d 859 (Fla. 3rd DCA 1985); Allstate Insurance Co. v. Fulton, 345 So.2d 854 (Fla. 3rd DCA 1977); Aetna Insurance Co. v. King, 265 So.2d 716 *456 (Fla. 1st DCA 1972); and section 627.405(1) and (2), Florida Statutes.
We affirm for the further reason that James Morgan was not the "spouse" or "relative" of the named insured at the time of the loss. Appellants argue that because the policy in question explicitly provided that a spouse's interest in the property would be extinguished upon the named insured's death, and because no similar condition for termination was provided for upon divorce, an ambiguity arose. However, the term "spouse" in this insurance contract is not ambiguous and should be given its plain and ordinary meaning. The term means simply the legal wife or husband of the named insured at the time of the loss. Sypien v. State Farm Mutual Automobile Insurance Co., 111 Ill. App.3d 19, 66 Ill.Dec. 780, 443 N.E.2d 706 (1982), 36 A.L.R.4 580; see also 6C Appleman, Insurance Law and Practice, § 4352, at 20-22 (1979) (named insured's spouse will usually be considered a member of the same household, despite a separation and separate residency, but spouse will no longer be covered following a divorce). Thus, the policy was not ambiguous for failing to specify that a spouse's interest in the policy will be extinguished upon divorce, since by definition, James Morgan was no longer a "spouse" covered under the policy after the Morgans divorced. See generally, Annot., 36 A.L.R.4 588 (1985); and Annot., 93 A.L.R.3d 420 (1979). Because these points are controlling and require affirmance, we do not reach the question of whether there was a cancellation of this insurance policy by substitution when James Morgan purchased another insurance policy on the home.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] James Morgan testified that he had no involvement in the purchase of the policy because he was working out-of-town when it was purchased. He explained that his job took him out-of-town quite a bit and thus he was not at home continuously.
[2] The separation agreement also required Dorothy Morgan to assign the American Security insurance policy to James Morgan but the trial court concluded that this did not accomplish a valid assignment because it was not approved in writing as required by the terms of the policy. The Morgans did not appeal this portion of the summary final judgment, and concede in their brief that no valid assignment was effected.