585 So.2d 445 (1991)
Maxine A. OVERTON, Appellant,
v.
The PROGRESSIVE INSURANCE COMPANY and Jeffrey A. Overton, Appellees.
No. 90-2195.
District Court of Appeal of Florida, Fourth District.
September 4, 1991.
*446 Charles H. Damsel, Jr. of Damsel & Gelston, P.A., West Palm Beach, for appellant.
Lori A. Bennett of Law Office of Lori A. Bennett, Boca Raton, for appellee-The Progressive Ins. Company.
DELL, Judge.
Maxine Overton appeals from a final judgment that denied her claim for coverage under the comprehensive provision of her automobile insurance policy. We reverse.
Appellant and her husband, Jeffrey Overton, contracted with The Progressive Insurance Company (hereinafter "Progressive") for automobile insurance. Jeffrey owned the vehicle, but appellant insured the vehicle in her name and added Jeffrey as an additional driver. Subsequently, the vehicle sustained extensive damage as the result of a fire. The Overtons filed a claim with Progressive. Progressive refused coverage and alleged, inter alia, that Jeffrey had started the fire and that both Jeffrey and appellant had knowingly filed a false claim.
At trial, the jury found that Jeffrey had intentionally started the fire. The jury also found, however, that appellant had not been involved in the arson and had no knowledge of it when she filed the claim. Appellant alone then sought to recover under the policy as an innocent coinsured. The trial court ruled that the policy provided coverage for accidental risks only and not for damage caused by Jeffrey's intentional acts, and denied appellant coverage.
Appellant argues that the trial court erred when it denied her claim for coverage and contends that the prevailing law supports her argument that the intentional misdeeds of one insured may not be imputed upon an innocent coinsured to deprive coverage to the latter. Appellee argues that the policy provided coverage only for "accidental" loss, and not for intentional acts. Further, appellee contends that public policy considerations mandate an affirmance because parties should not be allowed to benefit from their intentional misdeeds.
Courts in other states have considered questions similar to those presented here. Almost without exception these cases involved one coinsured spouse setting fire to insured property, most generally the couple's home. In the earlier cases the courts consistently held that the fraudulent acts of one coinsured completely barred recovery *447 by the other coinsured. See generally Klemens v. Badger Mutual Insurance Company of Milwaukee, 8 Wis.2d 565, 99 N.W.2d 865 (Wis. 1959); Rockingham Mutual Insurance Company v. Hummel, 219 Va. 803, 250 S.E.2d 774 (Va. 1979); Kosior v. Continental Insurance Co., 299 Mass. 601, 13 N.E.2d 423 (Mass. 1938). In each of these cases the provisions in the policy excluded coverage for the fraudulent acts of "the insured". The courts relied upon common law property principles and concluded that joint property interests meant joint insurance coverage. Under this reasoning the fraudulent acts of one insured would necessarily void the interests of the other insured. Dolcy v. Rhode Island Joint Reinsurance Association, 589 A.2d 313 (R.I. 1991). The courts also placed great weight on public policy considerations which prohibit parties from benefitting from their own misdeeds.
More recently, courts have placed greater import upon public policy reasoning which discourages imputation of the misdeeds of one insured upon another innocent insured. These courts have employed accepted principles of contract construction to conclude that, depending upon the policy language, rights under an insurance policy may be several, rather than joint interests. Dolcy; see also Vance v. Pekin Insurance Co., 457 N.W.2d 589 (Iowa 1990); Auto-Owners Insurance Co. v. Eddinger, 366 So.2d 123 (Fla. 2d DCA 1979); Winter v. Aetna Casualty & Surety Co., 96 Misc.2d 497, 409 N.Y.S.2d 85 (N.Y.Sup. 1978); Howell v. Ohio Casualty Insurance Company, 130 N.J. Super. 350, 327 A.2d 240 (N.J.Sup. 1974). This approach requires a court to determine whether the language of the policy provides for joint or several coverage. See Dolcy; Vance; see also The Problem of the Innocent Co-Insured Spouse: Three Theories of Recovery, 17 Val. U.L.Rev. 849 (1983).[1]
In Auto-Owners Insurance Company v. Eddinger, 366 So.2d 123 (Fla. 2d DCA 1979), the Second District Court of Appeal concluded that a divorced couple who continued to maintain their marital home jointly as tenants-in-common had coverage under their joint homeowner's insurance policy. In Eddinger, the ex-husband intentionally set fire to the home and sought recovery for the loss under the policy. The innocent ex-wife cross-claimed for her interest under the policy. The insurance company denied coverage to both based on the following provision in the policy:
[The] entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof, or their interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.
Eddinger, 366 So.2d at 123. The insurance company argued that the policy provided joint coverage and that the fraudulent claim of the ex-husband rendered void any coverage under the policy. The Second District disagreed, determined the above quoted provision to be susceptible to more than one interpretation and ruled that principles of construction required the interpretation which provided coverage to be given effect. The court adopted the more recent line of cases and held that the intentional fraudulent acts of one insured may not be imputed upon an innocent coinsured. See Howell, supra.
The inquiry then is to determine whether the Progressive policy provided for joint or several coverage for the insureds. *448 Here, appellant concedes that she had no ownership interest in the insured vehicle. Prior to receiving benefits under an insurance policy an insured must show an insurable interest in the property covered. "Insurable interest" is defined as:
[A]ny actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
Section 627.405(2), Florida Statutes (1982). The measure of this interest is "the extent to which the insured might be damnified by loss, injury, or impairment" of the vehicle. Section 627.405(3), Florida Statutes (1982); see Aetna Insurance Co. v. King, 265 So.2d 716 (Fla. 1st DCA 1972). As a general principle, a wife who has a pecuniary or beneficial interest in her husband's property, or would have some disadvantage from its loss, has an insurable interest therein. See generally King, supra; Johnson v. Aetna Life and Casualty Co., 472 So.2d 859 (Fla. 3d DCA 1985) (exposure to legal liability for use of vehicle gives rise to insurable interest); 3 Couch on Insurance 2d (Rev. ed.) § 24:115. The fact that appellant did not own the insured vehicle does not preclude her an insurable interest and coverage under the policy. Whether this insurable interest is joint or several must be determined from the policy language itself.
Part IV of the Progressive policy, entitled "Auto Damage Coverage," provides, in pertinent part:
ADDITIONAL DEFINITIONS AS USED IN THIS PART ONLY:
As used in the PART:
... .
2. "Loss" means direct and accidental loss of or damage to your insured auto, including its equipment. (emphasis added).
Appellee contends that the language "direct and accidental" is clear and unambiguous in that it provides for coverage only for damage that is the result of "accidental" or unintentional loss. Appellee's interpretation of the policy language would necessarily also exclude coverage for loss caused by a disinterested third party's intentional acts. Such an interpretation would be in direct contravention of the comprehensive coverage afforded by the policy. The policy provides:
Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief of vandalism, riot or civil commotion, colliding with a bird or animal, or breakage of glass is not a loss caused by "collision."
... .
4. "Comprehensive" means loss caused by other than collision or upset.
The comprehensive provisions of the policy expressly provide coverage for intentional acts such as theft, larceny, vandalism and riot or civil commotion.
The word "direct", as used in the definition of "loss", commonly refers to the proximity of the damages sustained by the insured and not to the manner in which the loss occurred.
The term "direct," in a comprehensive provision obligating the insurer to pay for any direct or accidental loss of or damage to the insured automobile, refers to the causal relationship, and is to be interpreted as limited to the harm resulting from an immediate or proximate cause as distinguished from a remote cause.
In consequence of the foregoing principle, the phrase "direct loss and damage," in a combined additional coverage clause of an automobile policy covering direct and accidental loss of or damage to the automobile caused by windstorm, means the immediate damage or loss as distinguished from consequential or remote damage, and the word "direct" does not refer to or modify the word caused.
10A Couch on Insurance 2d (Rev. ed.) § 42:316 (footnotes omitted). The term "accident" has been construed to mean "that which happens by chance or fortuitously, without intention or design, and which is unexpected, unusual, and unforeseen." Aetna Insurance Co. v. Webb, 251 So.2d 321, 322 (Fla. 1st DCA 1971). Even though a loss may have been intentionally *449 caused, the loss may still be fortuitous, or unintended, from the viewpoint of the insured. R. Keeton and A. Widiss, Insurance Law: A Guide to Fundamental Principles, Legal Doctrines and Commercial Practices, § 5.4(c)(4) (1988). It seems clear, therefore, that the terms "direct and accidental", as defined in the auto damage part of the policy, provide coverage for intentional damage caused by third parties, but would ordinarily exclude a loss caused by an intentional act of an insured under the policy.
What is not clear from the policy, however, is whether the intentional act of Jeffrey precludes coverage for appellant. Other cases have used as a starting point a provision similar to that found in the Progressive policy which reads:
2. "You" and "your" mean the Policy-holder named in the Declarations and spouse if living in the same household. You must report your spouse to us. Your spouse will be shown in the Declarations as an additional driver.
This language explains that both Jeffrey and appellant were insureds under the policy. As distinguished from other cases, however, the policy language which purports to exclude coverage does not include language identifying the insureds. See Dolcy v. Rhode Island Joint Reinsurance Association, 589 A.2d 313 (R.I. 1991) (policy excluded coverage for losses caused by "an insured"); Vance v. Pekin Insurance Co., 457 N.W.2d 589 (Iowa 1990) (losses caused by "an insured" excluded from coverage); Auto-Owners Insurance Co. v. Eddinger, 366 So.2d 123 (Fla. 2d DCA 1979) (policy excluded coverage for losses caused by "the insured"); Winter v. Aetna Casualty & Surety Co., 96 Misc.2d 497, 409 N.Y.S.2d 85 (N.Y.Sup. 1978) (losses caused by "the insured" excluded from coverage); see also State Farm Fire and Casualty Insurance Co. v. Kane, 715 F. Supp. 1558 (S.D.Fla. 1989) (policy excluded coverage for loss caused by "any insured"). The pertinent language sub judice makes no reference to the insureds and the policy as a whole is silent as to the intent of the parties regarding joint or several coverage. The language therefore is susceptible to more than one interpretation and when such is the case the "meaning must be construed in favor of the insured, since it is the insurer who usually drafts the policy." State Farm Mutual Automobile Insurance Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986) (citing Excelsior Insurance Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979)); see also Meister v. Utica Mutual Insurance Co., 573 So.2d 128 (Fla. 4th DCA 1991); Allstate Insurance Co. v. Shofner, 573 So.2d 47 (Fla. 1st DCA 1990). We conclude that the policy must be interpreted to provide several rather than joint coverage and that appellant, as an innocent insured, is to be afforded coverage under the Progressive policy.
Accordingly, we reverse the final judgment denying coverage to appellant, but remand the cause for further proceedings to determine the extent of appellant's insurable interest and damages under the policy.
REVERSED and REMANDED.
DOWNEY, J., concurs.
HERSEY, J., dissents without opinion.
NOTES
[1] This article noted that:

If the courts were to focus solely on the fact that the liability for fraud is separate, recovery would be permitted regardless of the nature of the contract interests. Thus, whenever fraud by an insured is involved, the innocent co-insured could recover irrespective of whether the contract interests were joint or several. If contract interests were the sole basis of recovery, then even if fraud was involved, the innocent co-insured would not be entitled to recover where the contract interests were found to be joint. At any rate, the courts employ both factors in holding that the innocent spouse is entitled to recover, thereby reaching the most equitable result under the circumstances. Recovery under the new dominant rule thus is grounded on the fact that the contract rights and the fraud liability are deemed to be divisible regardless of the nature of the property interests.
17 Val.U.L.Rev. 849, 867 (1983).