PARKER, Judge.
Lumbermens Mutual Casualty Company appeals a nonfinal order which granted partial summary judgment on liability in favor of plaintiffs, Falasiri Oriental Rugs (Falasiri) and The Shah Abbas Collection (Shah Abbas) in their breach of insurance contract action. We reverse, concluding that the insurance policy limited coverage to $10,000 because the language of the policy showed a single promise to pay one amount to Falasiri and Shah Abbas and that both were bound jointly by each other’s acts.
*1235 In 1982 Falasiri and Shah Abbas, two corporations owned equally by two brothers, purchased one commercial inland marine policy from Lumbermens which insured both companies’ property and inventory at their New York and Florida locations. The policy listed the insured as Falasiri Oriental Rugs and The Shah Abbas Collection. The pertinent provision of the policy is paragraph 4f which provides as follows:
4. AMOUNT OF INSURANCE AND LIMITS OF LIABILITY.
The total of the Amount of Insurance hereunder is $610,000., but the Company shall not be liable for more than $610,-000. in any one loss, disaster or casualty, not exceeding, however:
[[Image here]]
f. $10,000. while in transit by vehicle owned, leased or operated by the insured.
In November 1982 the two companies sought to exhibit rugs at Merritt Island, Florida. Shah Abbas owned some of the rugs to be exhibited, and Falasiri consigned some rugs to Shah Abbas for the exhibition. The companies intended to move these rugs from the Tampa store of Shah Abbas to Merritt Island. The companies purchased additional insurance to protect against a loss while the goods were away from the Shah Abbas premises. The two companies purchased $100,000 additional coverage from Lumbermens which required two permanent employees of the insured to be in attendance with the rugs when the rugs were in or upon the vehicle and two armed guards protecting the rugs while on exhibition at Merritt Island. The two brothers loaded the rugs into a U-haul truck which an employee of Shah Abbas had rented. The brothers left the loaded truck unattended at night in the parking lot of an apartment complex, and thieves stole the rugs.
Falasiri and Shah Abbas made claims under the policy of insurance. Lumbermens paid $10,000 because the loss occurred while the property was in transit in a vehicle leased by the insured. Lumbermens did not pay the additional $100,000 coverage because the truck was left unattended. Shah Abbas agrees that its claim should be limited to $10,000; however, Falasiri asserts that it should recover up to the policy limits of $610,000 for its loss. The trial court agreed and granted Falasiri’s motion for summary judgment establishing liability against Lum-bermens to Falasiri up to the policy limits but reserved determining the amount of damages.
The issue before this court is whether Lumbermens owed separate performances under the policy to both Falasiri and Shah Abbas. We conclude that Lumbermens did not owe separate performances.[1]
Falasiri and Shah Abbas rely primarily on the cases of Auto-Owners Insurance Company v. Eddinger, 366 So.2d 123 (Fla. 2d DCA 1979) and Overton v. Progressive Insurance Company, 685 So.2d 445 (Fla. 4th DCA 1991). These cases have no application to the instant case. Eddinger and Overton and their predecessors and progeny deal with variations of the following factual scenario: A husband and wife jointly owned property and were coinsureds under a policy covering the property; the husband intentionally and fraudulently committed arson to the property without the wife’s involvement or foreknowledge; the husband and wife made a joint claim on their insurance policy; and the insurance company denied the claim on the basis that arson by one of the insureds voided the coverage under the policy. Courts facing that situation have held that the responsibility for the fraud, i.e., the arson, is several and separate and that the husband’s fraud cannot be attributed or imputed to the wife; thus, the fraud of the husband does not void the policy as to the wife. Such a scenario is not relevant to this case. This case does not involve a joint property interest, attribu *1236 tion of fraud or wrongdoing by one of the insureds, or an “innocent” insured. Rather it involves two brothers who mutually own two companies who chose to purchase jointly a single policy of business insurance.
The trial court erred in finding liability in favor of the plaintiffs in that the loss of both insureds is limited to a total of $10,000 because the loss to the insured property happened while it was in transit by a vehicle leased by the insured and the insured failed to comply with the requirements of the additional insurance. We reverse the partial summary judgment on liability in favor of plaintiffs and direct the trial court to enter a final summary judgment in favor of Lumber-mens.
Reversed and remanded with directions to enter a final summary judgment in favor of Lumbermens.
DANAHY, A.C.J., and SCHOONOVER, J., concur.

. The error in the trial court’s logic can be demonstrated by the following hypothetical example. Falasiri rents a truck, and Shah Abbas rents a second truck. Falasiri loads $600,000 worth of its rugs in the Shah Abbas truck, and Shah Abbas loads $600,000 worth of its rugs into Falasiri’s truck. Thieves steal both trucks and cargo. Following the trial court’s logic, each company would be allowed to collect $600,000. The insureds, who held a single policy with a face value of $610,000, could collect a total of $1.2 million. It is unlikely that either the insured or the insurer contemplated such a result when the policy was purchased.