756 So.2d 1055 (2000)
ASSURANCE GENERALE de FRANCE, Appellant,
v.
Donna CATHCART, Appellee.
No. 4D99-0394.
District Court of Appeal of Florida, Fourth District.
April 12, 2000.
*1056 Timothy P. Shusta of Hayden & Milliken, P.A., Tampa, for appellant.
Ford J. Fegert and Casey Walker of Moss, Henderson, Blanton & Lanier, P.A., Vero Beach, for appellee.
DELL, J.
Assurance Generale de France (AGF) appeals a final judgment awarding appellee Donna Cathcart $194,124 for the loss of a vessel in which she maintained an insured interest. AGF also appeals the trial court's award of prejudgment interest, post-judgment interest, and interest on the prejudgment interest, for a total judgment of $325,333 to appellee. AGF raises five points on appeal. AGF contends that the trial court erred by granting appellee's motion for summary judgment and denying its motion for summary judgment; by awarding prejudgment interest to appellee; by precluding AGF from arguing that an innocent co-insured cannot recover on a loss if that recovery would benefit an insured who intentionally caused the loss; by refusing to give AGF's instruction on the innocent co-insured doctrine; and by giving an instruction requested by appellee. We affirm the award of $194,124 for the loss of the vessel and the award of prejudgment interest. However, we reverse *1057 the amount awarded as prejudgment interest and remand with instructions.
Appellee and her husband, Richard Cathcart, jointly owned one hundred percent of the stock of F/V Lady Donna, Inc., which they had incorporated for ownership of a fishing vessel, the F/V Lady Donna. In 1992, while in the Gulf of Mexico, the Lady Donna began to take on water. Richard and Raymond Cathcart, as well as one other crewman, boarded a rescue boat. Another boat towed the Lady Donna to Panama City. Richard Cathcart, F/V Lady Donna, Inc., and appellee filed claims with their insurer, AGF.
After an investigation, Richard, Raymond, and the other crew member were indicted and later convicted of conspiracy to destroy a vessel with intent to injure its insurer, destruction of a vessel by its owner with intent to injure its insurer, and fraudulent destruction of collateral pledged to the Small Business Administration. The District Court for the Northern District of Florida sentenced Richard to twenty months incarceration and ordered him to pay restitution of $194,699 to the Small Business Administration.
In 1993, because AGF had neither paid nor denied their claim, Richard Cathcart, F/V Lady Donna, Inc., and appellee filed a complaint for breach of contract and badfaith claims handling. Later that year, the parties agreed to abate the case and await the determination of Richard's criminal proceeding. In 1996, the Eleventh Circuit Court of Appeals affirmed Richard's convictions. In 1998, appellee moved for summary judgment on her claims against AGF and on the claims of F/V Lady Donna, Inc. AGF responded by moving for summary judgment on all claims because Richard intentionally scuttled the vessel.
The trial court granted AGF's motions for summary judgment on the claims of Richard and F/V Lady Donna, Inc., finding that Richard's intentional acts were imputed to the corporation by his role as its president, thereby invoking an exclusionary clause. The exclusionary clause provided: "This insurance excludes... [l]oss, damage, liability or expenses caused by ... wilful misconduct or gross negligence of the assured or his senior officers." However, the trial court denied AGF's motion for summary judgment on appellee's claim and granted her motion for summary judgment on the breach of contract claim. A jury found for AGF on appellee's claim of bad faith and awarded appellee damages of $194,124 for breach of contract. The trial court then awarded appellee prejudgment interest, post-judgment interest, and interest on the prejudgment interest, for a total award of $325,333.
In its first point on appeal, AGF argues that the trial court erred by denying its motion for summary judgment on appellee's claims and by granting her motion for summary judgment. We disagree. AGF alleged in its motion for summary judgment that the exclusionary clause prevented appellee from recovering proceeds under the policy. In response, appellee alleged that she was an "innocent co-insured." AGF offered no evidence of her complicity in the loss of the vessel, and in the absence of such evidence, she was entitled to recover even if her husband intentionally scuttled the vessel. See Michigan Millers Mut. Ins. Corp. v. Benfield, 140 F.3d 915, 924 (11th Cir.1998) ("Florida's doctrine of the innocent co-insured provides that an innocent co-insured may recover under an insurance policy even where the loss was caused by another coinsured's intentional acts unless the insurance policy at issue makes clear that the policy at issue provides for joint coverage rather than several coverage."); Overton v. Progressive Ins. Co., 585 So.2d 445 (Fla. 4th DCA 1991).
We also conclude that this record supports the trial court's summary judgment in favor of appellee. In her motion for summary judgment, appellee asserted, "The loss of the Lady Donna was due to the sudden incursion of seawater, which is a covered peril under the policy. This is true as to innocent co-insureds regardless *1058 of whether the incursion was due to weather conditions, hull defects, or intentional acts." The record contains the necessary evidence to sustain appellee's claim under the policy. AGF did not challenge appellee's assertion that she was an innocent coinsured. AGF also failed to present evidence that appellee participated in or had knowledge of wrongful acts involving the scuttling of F/V Lady Donna. The record supports the trial court's conclusion that:
The Defendant has the burden of proof to demonstrate that the conduct of its insured, Donna Cathcart, falls within an exclusion from coverage once a covered loss has been shown.
... Defendant has ... failed to present any evidence which would permit the inference that Donna Cathcart is guilty of any wrongful act in connection with the sinking of the Lady Donna. Accordingly, Defendant Assurance has failed to demonstrate the existence of a genuine issue of material fact which would preclude coverage by reason of any policy exclusion at issue.
See Michigan Millers, 140 F.3d at 924; Overton, 585 So.2d at 449.
In its second point on appeal, AGF contends that the trial court erred by awarding prejudgment interest. AGF argues that the award is unsupported by the record and that the trial court erred when determining the amount of the award because the case was abated by consent of the parties pending the outcome of Richard Cathcart's federal criminal trial. "In admiralty cases, prejudgment interest, although within the trial court's discretion, should generally be awarded absent peculiar or exceptional circumstances." Hilton Oil Transp. v. Oil Transp. Co, S.A., 659 So.2d 1141, 1154 (Fla. 3d DCA 1995) (citing City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 195, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995)). Here, the trial court awarded prejudgment interest "to fully restore the plaintiff for her loss," and concluded that because both parties stipulated to the fourteen-month abatement of the case, the delay should not reduce the amount of prejudgment interest. We agree with the award of prejudgment interest. However, we hold that the abatement constituted a "peculiar or exceptional circumstance" within the meaning of Nat'l Gypsum and Hilton Oil; therefore, the award of prejudgment interest must be reduced for the fourteen-month period during which the proceedings were abated pending the outcome of Richard's criminal trial.
We affirm without discussion AGF's additional points on appeal. See Michigan Millers Mut. Ins. Corp. v. Benfield, 140 F.3d 915, 924 (11th Cir.1998); Overton v. Progressive Ins. Co., 585 So.2d 445 (Fla. 4th DCA 1991). Accordingly, with the exception of the amount of the award for prejudgment interest, we affirm the judgment of the trial court. We reverse the amount of prejudgment interest and remand to the trial court for further proceedings consistent herewith.
AFFIRMED in part; REVERSED in part and REMANDED.
WARNER, C.J., and GUNTHER, J., concur.