DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUCILLE COVINGTON,**
Appellant,

v.

**STATE FARM FIRE & CASUALTY CO.,**
Appellee.

No. 4D21-377

[November 17, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Giuseppina Miranda, Judge; L.T. Case Nos. COCE12-015922 and CACE19-023070.

Mariano Gonzalez and Leonardo G. Renaud of the Gonzalez Legal, P.A., Miramar, for appellant.

Warren B. Kwavnick and Kelly Lenahan of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Appellant Lucille Covington appeals the trial court's final judgment in favor of appellee State Farm Fire & Casualty Insurance Company based on its finding that she did not have an insurable interest in the insured vehicle and was unable to recover incidental and consequential damages. Although we affirm the trial court's partial summary judgment on the issue of incidental and consequential damages, we agree with appellant that questions of fact remain about whether she had an insurable interest in the vehicle sufficient to preclude summary judgment on that issue.

Appellant and her husband obtained insurance for their Ford Expedition from State Farm and were both named insureds under the policy. Although appellant's husband was the titleholder of the vehicle, appellant made loan and insurance payments for the vehicle and drove it daily.

After appellant's daughter was in an accident while driving the vehicle, appellant filed a claim with State Farm, who advised appellant to file a claim with the other driver's insurer, GEICO, instead. GEICO prepared a repair estimate, and the vehicle was taken to a repair shop; however, GEICO's estimate did not

1

include all needed repairs, and some of the completed repairs were unsatisfactory. Appellant then contacted State Farm to report that the vehicle was improperly repaired, prompting State Farm to send an adjuster to evaluate the vehicle. State Farm recommended another repair shop to perform the work, but before those repairs were completed, the Covingtons sold the vehicle.

Appellant sued State Farm for breach of contract, alleging State Farm failed to properly repair or replace the vehicle. Appellant's husband later joined appellant as co-plaintiff. The Covingtons pled entitlement to damages including the cost of repairs, the cash value of the vehicle at the time of loss, and other incidental and consequential damages. State Farm raised the affirmative defense that appellant did not have an insurable interest in the vehicle and lacked standing to bring the action.

Appellant moved for partial summary judgment regarding her insurable interest, and State Farm filed a counter motion on the same issue. Appellant argued that she was the beneficial owner of the vehicle because she drove the vehicle and made the insurance and loan payments. State Farm maintained that appellant did not have an insurable interest because she was not a titleholder of the vehicle.

The trial court granted partial summary judgment in favor of State Farm and found that appellant did not have an insurable interest in the vehicle and, therefore, could not recover for its physical damage. The trial court found that the title owner was the only individual entitled to compensation for physical damage to the insured property but did not address appellant's claim for incidental and consequential damages.

State Farm then moved for partial summary judgment regarding incidental and consequential damages. It argued that neither appellant nor her husband could recover damages for loss of use of the vehicle during the repair process or recover insurance premiums paid while the vehicle was under repair, because those types of damages are not recoverable under a breach of contract action. The trial court granted the motion, finding that appellant's claims for incidental and consequential damages were not permitted.

After appellant dropped her remaining claim for unreimbursed rental expenses, the trial court entered a final judgment in favor of State Farm and against appellant.[1] This appeal follows.

---

[1] Appellant's husband's claim went to trial, and the jury found State Farm liable for negligent repairs, awarding him $7,500.00 in damages.

"An order granting summary judgment is reviewed de novo."[2] *Med. Data Sys., Inc. v. Coastal Ins. Grp.*, 139 So. 3d 394, 396 (Fla. 4th DCA 2014). "In determining the correctness of summary judgment, an appellate court must accept the facts as pleaded and view all possible inferences in the light most favorable to the non-moving party." *Gomez v. Fradin*, 41 So. 3d 1068, 1071 (Fla. 4th DCA 2010).

"Prior to receiving benefits under an insurance policy an insured must show an insurable interest in the property covered." *Overton v. Progressive Ins. Co.*, 585 So. 2d 445, 448 (Fla. 4th DCA 1991). Section 627.405 requires the insurable interest be present at the time of loss. *See Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co.*, 185 So. 3d 638, 642 (Fla. 2d DCA 2016). "'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." § 627.405(2), Fla. Stat. (2012).

Florida does not require legal title for an insured to have an insurable interest. *See Aetna Ins. Co. v. King*, 265 So. 2d 716, 718 (Fla. 1st DCA 1972) ("In Florida an 'insurable interest' is not determined by the concept of title"). However, the existence of an insurable interest requires more than just the issuance of an insurance policy. *See Corat Intern., Inc. v. Taylor*, 462 So. 2d 1186, 1187 n.2 (Fla. 3d DCA 1985) ("The notion that parties can create an insurable interest by contracting for it has been expressly rejected in Florida."). Courts have found that an economic interest or enforceable right is enough to create an insurable interest. *See King*, 265 So. 2d at 718 (finding the insured had an insurable interest in a grocery store, even though she did not own it, because all the proceeds were used to care for the insured); *see also Johnson v. Aetna Life & Cas. Co.*, 472 So. 2d 859, 861 n.2 (Fla. 3d DCA 1985) ("The insurable interest may be an interest in the property itself or a particular risk insured against, such as, in the case of motor vehicle liability insurance, the possible liability arising out of the use or operation of a vehicle.").

In *Overton*, the husband was the vehicle titleholder, but the wife insured the vehicle in her name, with the husband listed as an additional driver. 585 So. 2d at 446. They both filed a claim with the insurance company after the vehicle suffered fire damage. *Id.* A jury found that the husband intentionally started the fire, but the wife had no knowledge of and was uninvolved in the arson. *Id.* The wife then sought to recover alone as an innocent co-insured, but the trial court denied the wife coverage, finding that the insurance policy only covered

---

[2] The Florida Supreme Court recently adopted the federal summary judgment standard. *See In re Amends. to Fla. R. Civ. P. 1.510*, 309 So. 3d 192, 194–95 (Fla. 2020). However, the new standard does not apply here, because the final judgment predates the amendment's effective date, May 1, 2021. *See Lorber v. Passick as Tr. of Sylvia Passick Revocable Tr.*, 4D20-393, 2021 WL 3891004, at *3 n.3 (Fla. 4th DCA Sept. 1, 2021).

accidental risks. *Id.* This court reversed, finding that "[a]s a general principle, a wife who has a pecuniary or beneficial interest in her husband's property, or would have some disadvantage from its loss, has an insurable interest therein." *Id.* at 448.

In a federal class action case, *Paris v. Progressive Am. Ins. Co.*, No. 19-21761-CIV, 2020 WL 7039018, at *3 (S.D. Fla. Nov. 13, 2020), the issue of standing was before the court. There, the plaintiff was married to an automobile lessee when the loss occurred, was a named insured under the insurance policy, made the monthly payments to the leasing company on the vehicle, and made premium payments that were accepted by the insurer. *Id.* Citing *Overton*, the court found the facts were sufficient to establish an insurable interest in the leased vehicle and that the plaintiff suffered an injury-in-fact when the defendants allegedly breached the insurance policy on the vehicle. *Id.*

We recognize that simply because appellant was a named insured in State Farm's policy does not, on its own, create an insurable interest. *See Corat Intern.*, 462 So. 2d at 1187 n.2. However, there were enough disputed facts that a jury could find appellant's interest in the vehicle rose to the level of an actual, lawful, and substantial economic interest. *See* § 627.405(2), Fla. Stat. (2012). Thus, the trial court erred when it found that, as a matter of law, she did not have an insurable interest in the vehicle. Although appellant was not the legal titleholder of the vehicle at the time of the loss, the fact that appellant was one of the named insureds in State Farm's policy on the vehicle, alleged she drove the car daily, and made the insurance and loan payments on the car created an issue of fact precluding summary judgment.

However, even if appellant is found to have an insurable interest, those recoverable damages are limited. *See Travelers Indem. Co. v. Duffy's Little Tavern, Inc.*, 478 So. 2d 1095, 1096 (Fla. 5th DCA 1985). Recovery would not extend to remuneration for the physical damage to the vehicle because appellant can only recover to the extent of which she was harmed. *See id.* ("Florida prohibits recovery of insurance proceeds in excess of one's insurable interest.").

The Florida Supreme Court recently held that insureds are not entitled to extra-contractual consequential damages, such as loss of use, in first-party breach of insurance contract actions. *See Citizens Prop. Ins. Corp. v. Manor House, LLC*, 313 So. 3d 579, 582 (Fla. 2021), *reh'g denied*, SC19-1394, 2021 WL 1027485 (Fla. Mar. 17, 2021). In *Manor House*, the insurance company insured an apartment building that was damaged by a hurricane. *Id.* at 580. The insured sued the insurer for breach of contract and tried to recover compensation for lost rental income from the damaged units while under repair. *Id.* at 581. The insurance company moved for summary judgment, arguing the insured was not entitled to lost rental income under the contract, and the trial court granted the motion. *Id.* On appeal, the Florida Supreme Court agreed,

holding that the insured can only recover "the amount owed pursuant to the express terms and conditions of the insurance policy" in a first-party breach of insurance contract action. *Id.* at 584.

Under *Manor House*, appellant cannot recover extra-contractual consequential damages in this breach of contract action because it is a first-party insurance claim and such damages are not contemplated by the insurance contract. *See id.* at 582.[3] Furthermore, State Farm cannot be liable for loss of use of the vehicle because it did not undertake the obligation to make the repairs by simply advising appellant to make a claim with GEICO. *See Travelers Indem. Co. v. Parkman*, 300 So. 2d 284, 285 (Fla. 4th DCA 1974). The Covingtons decided which repair shop to use and asserted control over the timing of the repairs. *See Maryland Cas. Co. v. Fla. Produce Distribs., Inc.*, 498 So. 2d 1383, 1384 (Fla. 5th DCA 1986) (when the insured undertakes the repairs and allows repairs by third parties, a new repair contract is not formulated because the insured "controlled the time involved in making the repairs.").

We affirm the trial court's partial summary judgment on the issue of incidental and consequential damages and reverse the partial summary judgment on the issue of insurable interest in the subject vehicle. We remand for proceedings consistent with this opinion.

*Affirmed in part, reversed in part and remanded.*

LEVINE and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] In her brief, appellant concedes that the Florida Supreme Court's opinion in *Manor House* is fatal to her claim for incidental or consequential damages.

5