251 So.2d 321 (1971)
AETNA INSURANCE COMPANY, Appellant,
v.
Robert L. WEBB, Appellee.
No. N-502.
District Court of Appeal of Florida, First District.
August 12, 1971.
*322 John E. Houser, Jacksonville, for appellant.
Evans & Stewart, and Harry B. Fozzard, Jacksonville, for appellee.
MASON, ERNEST E., Associate Judge.
This is an appeal from a final judgment entered in the Circuit Court of Duval County pursuant to a jury verdict which awarded the appellee (plaintiff below) damages in the amount of $3,000.00 for loss sustained by the appellee as a result of the sinking, while launching, of his yacht.
The appellant insurance company (defendant below) insured the appellee against loss of or damage to the hull or machinery of appellee's yacht directly caused by
"1. Accidents in loading, discharging or handling stores or in taking in fuel, or in hauling or launching, or moving in shipyards;"
The coverage of the policy also was against negligence of master, mariners, engineers, or pilots. The policy excluded loss or damage which "resulted from want of due diligence by the owners of the yacht, or any of them, or by the manager or by the insured."
The appellee engaged one Skidmore, the operator of a boat yard at Pirate's Cove Fish Camp, to haul the yacht out of the water and to place it on blocks so that repairs and painting could be performed. Subsequent to the repair and painting of the boat the boat yard operator removed the blocking and proceeded to launch the yacht. During the launching operation the operator started to lift the boat with a crane, when a clutch or brake slipped, causing the boat to fall for a distance of some eighteen inches. This happened on two occasions and as a result it is alleged that the seams of the yacht broke and the yacht sank.
The answer of appellant insurance company raised two primary issues in the court below, namely, first, whether the policy covered the particular loss occasioned in the manner aforesaid, and second, whether the appellee himself was guilty of a failure to exercise due diligence, as required by the policy.
The answer to the first question turns upon the proper interpretation of the term "accident in launching". It is the view of the appellant that there is no coverage because the loss resulted in the negligence of a third party, namely, the boat yard operator in launching the boat, and that therefore there was no "accident". It is appellant's position that the particular coverage against "accidents" is for losses resulting from purely fortuitous circumstances and which are not the result of the negligence of a third party. We do not believe that the coverage is so limited.
The authorities are in conflict on the question as to whether the negligent act of a third party eliminates the character of "accident" from a particular act. However, it is generally held that the words "accident" and "accidental", as used in insurance contracts, mean that which happens by chance or fortuitously, without intention or design, and which is unexpected, unusual, and unforeseen. 18 Fla.Jur., Section 687, page 666. Although simple negligence as a causative force does not necessarily preclude a happening from being classed as an "accident", the element of the "unexpected" is important in reaching a true definition of the term "accident". Bennett v. Fidelity and Casualty Company of New York, 132 So.2d 788, Fla.App., 1961.
Applying that concept to the facts in this case, it is clear from an examination of the record herein that insofar as the appellee is concerned the loss to his boat which he sustained was clearly unexpected, and from his standpoint was therefore clearly accidental.
It is to be borne in mind that the language of the policy is the language prepared by the draftsman for the insurance *323 company, and if the insurance company wanted to exclude from coverage losses resulting from the negligence of third parties, it could have very readily framed the clause in such wise as to have done so. The exclusion written into the policy is only against loss or damage resulting from the owner's want of due diligence. That is to say, coverage is not limited to accidental loss caused by any party having any particular relationship to the insured. The coverage is not conditioned on negligence, or freedom therefrom, on the part of anyone except the insured himself. If there is an ambiguity in the language of the coverage, such ambiguity must be resolved against the insurance company that drafted the particular language in question, and in favor of the insured. 18 Fla.Jur., Section 470, page 377, and cases therein cited. And where the terms of an insurance policy are susceptible of two interpretations, that interpretation which sustains the claim for indemnity must be adopted. Elliott v. Belt Automobile Association, 87 Fla. 545, 100 So. 797; Howard v. American Service Mutual Insurance Company, 1963, (Fla.App.) 151 So.2d 682.
Furthermore, having written into the policy one exclusion only with reference to coverage resulting from negligence, namely, loss resulting from the insured's want of due care, the legal axiom of expressio unius est exclusio alterius is clearly applicable here, and it is reasonable to imply therefrom that the insurance company intended to cover losses caused by the acts, intentional or otherwise, of third parties, such as the boat yard operator. We, therefore, hold that even if the boat yard operator was negligent in the launching of appellee's boat, such conduct on his part did not remove the loss so sustained by appellee from the coverage of the policy of insurance.
The second issue raised by appellant's answer is the alleged failure of the appellee boat owner to exercise due diligence as required of him by the policy. By arriving at a verdict for the plaintiff, the jury has found against the appellant upon this issue, and our examination of the evidence causes us to conclude that the jury was amply justified in so finding.
We have examined the other assignments of error and find them to be without merit.
The judgment appealed from is supported by the evidence, the trial court's instructions were adequate and free from reversible error, and the judgment should be affirmed.
It is so ordered.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.