279 So.2d 897 (1973)
Simon W. FELDMAN, Appellant,
v.
The CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, a Foreign Insurance Company, Appellee.
No. 72-1101.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Melvin J. Richard, Miami Beach, for appellant.
Daniel V. Ligman and Michael G. Martin, Coral Gables, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and McCAIN, DAVID L., Associate Judge.
McCAIN, DAVID L., Associate Judge.
The appellee, on July 18, 1969, issued an insurance policy to the appellant providing for the payment of hospital costs up to $100.00 per week incurred as a result of injury or sickness.
On May 12, 1971, the appellant suffered accidental bodily injuries as a result of an automobile incident and was hospitalized. The policy was in full force and effect on that date, and continued to be during this first period of appellant's confinement in the hospital. On August 18, 1971, however, the policy expired because of the appellant's failure to pay the premiums due.
Appellant was hospitalized again, from December 10, 1971 to December 20, 1971. His confinement during this period arose as a direct result of the injuries sustained on May 12, 1971, while the policy was in full force and effect.
In accordance with the provisions of the policy, the appellant filed written proof of loss seeking to recover $142.84 as a result of the hospitalization in December. The appellee failed to pay and the appellant filed the instant suit to recover.
Both parties moved for summary judgment and the trial court ruled for the appellee. On appeal, the primary issue before us centers on the proper interpretation of the following pertinent provisions of the insurance policy:
"DOES HEREBY INSURE the person named in the Schedule (herein called the Insured) and promises to pay benefits for loss because of hospital confinement of a covered person caused by injury or sickness, to the extent herein provided.

*898 "HOSPITAL CONFINEMENT BENEFIT PAYABLE FOR LIFE: If injury or sickness confines the covered person within a hospital for 24 hours or more while this policy is in force, the Company periodically will pay benefits at the rate of the applicable Weekly Benefit specified in the Schedule for the period of such confinement and for as long as such person shall live.
"... .
"DEFINITIONS: `Injury' wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force and resulting directly and independently of all other causes in hospital confinement covered by this policy."
The appellant essentially argues that these provisions provide coverage for hospitalization expenses incurred as a result of injuries which are sustained while the policy is in full force and effect irrespective of the last date of hospitalization. The appellee, on the other hand, argues that hospitalization expenses are covered only for hospitalization while the policy is in full force and effect, irregardless of the fact that the injury occurred while the policy was in full force and effect.
In construing this policy, we are mindful that it must be considered in its entirety to determine the intentions of the parties. New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla.App.2d, 1964). Certainly, in construing the provisions of an insurance policy to determine the intention of the parties, the proper rule of interpretation is:[1]
"`The policy must be liberally construed in favor of the insured so as not to defeat without a plain necessity his claim to the indemnity which in making the insurance it was his object to secure.'"
Then, after construing an insurance policy, if ambiguity exists because of the existence of more than one possible interpretation,[2]
"such ambiguity must be resolved against the insurance company that drafted the particular language in question, and in favor of the insured."
The policy under review is ambiguous on the issue to be decided. Therefore, in applying the rules for interpretation and construction as set out above, we resolve this ambiguity in favor of the insured-appellant, to-wit: the policy provides coverage for hospitalization expenses which are incurred as a result of an injury which was sustained while the contract of insurance was in full force and effect.
Accordingly, we reverse and remand to the trial court for proceedings not inconsistent herewith.
NOTES
[1] Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802 (1924). Also see Peerless Insurance Co. v. Sun Line Helicopters, Inc., 180 So.2d 364, 366 (Fla.App.3d, 1965).
[2] Aetna Insurance Co. v. Webb, 251 So.2d 321, 323 (Fla.App. 1, 1971).