328 So.2d 870 (1976)
The TRAVELERS INSURANCE COMPANY, Appellant,
v.
David A. SMITH, a Minor, by and through His Mother and Next Friend, Pearl Smith, Appellees.
No. 75-502.
District Court of Appeal of Florida, Third District.
March 9, 1976.
*871 High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellant.
Horton, Perse & Ginsberg, Welsh & Carroll, Joel R. Teague, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the Travelers Insurance Company, defendant in the trial court, from a final judgment in favor of the plaintiff, David A. Smith, a minor, by and through his mother and next friend, Pearl Smith, in an action for the determination of personal injury protection (PIP) benefits under the provisions of the Florida Automobile Reparations Reform (No-Fault Insurance) Act, specifically §§ 627.732, 627.733 and 627.736, Fla. Stat.
The minor plaintiff, David A. Smith, was crossing a street when he was struck by an automobile owned by Sam Jarrett and being operated by Gary Woodard with Jarrett's permission and consent. Jarrett did not have insurance on the automobile, but Woodard, the driver, is the named insured in the appellant's (Travelers Insurance Company's) policy. Neither plaintiff, David A. Smith, nor his mother, Pearl Smith, owned a motor vehicle or resided in a household where there was a motor vehicle.
The plaintiffs filed an application for PIP benefits with the defendant, Travelers. When coverage was denied, the plaintiffs filed a complaint and then an amended complaint for damages in the circuit court. Travelers failed to timely respond and a default was entered against it. Following negotiations, the default was voluntarily set aside by the plaintiffs in return for admissions by Travelers, as reflected in a letter agreement in which Travelers admitted all of the factual allegations of the plaintiffs' amended complaint, except the allegation of the plaintiffs' entitlement to personal injury protection benefits for medical and other expenses set forth in the *872 No Fault Act under the policy issued by Travelers to Gary Woodard. Thus, with all of the facts being admitted, including
"9. That the motor vehicle which was being operated by GARY WOODARD is a motor vehicle which he was controlling and using as a temporary substitute motor vehicle for the motor vehicle which he usually operates, and is, therefore, an insured motor vehicle under the policy issued by the Defendant, THE TRAVELERS INSURANCE COMPANY", (emphasis added)
the only issue remaining is the legal question of coverage. Based on the facts as stipulated, the trial court made a determination that the plaintiffs are entitled to coverage under the policy and entered judgment in their favor.
In the liability protection section of Woodard's policy, it is provided that,
"`owned automobile' means:
* * * * * *
(d) a temporary substitute automobile;
* * * * * *
`temporary substitute automobile' means any automobile ... not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile ... when withdrawn from normal use because of its breakdown, repair servicing, loss or destruction . .."
In the personal injury protection section, it is provided in pertinent part that PIP benefits will be paid for enumerated expenses
"incurred as a result of bodily injury, caused by an accident arising out of the ownership, maintenance or use of a motor vehicle and sustained by:
(2) any other person while ... a pedestrian, through being struck by the insured motor vehicle.
* * * * * *
`Insured motor vehicle' means a motor vehicle of which the named insured is the owner and with respect to which (a) the bodily injury liability insurance of the policy applies and (b) security is required to be maintained under the Florida Automobile Reparations Reform Act."
In construing Woodard's policy, we are mindful that it must be considered in its entirety to determine the intentions of the parties. New Amsterdam Casualty Company v. Addison, Fla.App. 1964, 169 So.2d 877. In construing the provisions of an insurance policy to determine the intention of the parties, the proper rule of interpretation, as set out in Aetna Casualty & Surety Company v. Cartmel, 1924, 87 Fla. 495, 100 So. 802, 803, is:
"`The policy must be liberally construed in favor of the insured so as not to defeat without a plain necessity his claim to the indemnity which in making the insurance it was his object to secure.'"
After construing an insurance policy, if ambiguity exists because of the existence of more than one possible interpretation, the ambiguity must be resolved against the insurance company that drafted the particular language in question and in favor of the insured; and when the terms of an insurance policy are susceptible of two interpretations, that interpretation which sustains the claim for indemnity must be adopted. Aetna Insurance Company v. Webb, Fla.App. 1971, 251 So.2d 321, 323. See also Stuyvesant Insurance Company v. Butler, Fla. 1975, 314 So.2d 567, 570. In our opinion, the policy under review is ambiguous on the question to be decided, in that the provisions for coverage refer to "owned automobiles," "temporary substitute automobiles" and "insured motor vehicles." In applying the rules for interpretation and construction as set out above, we resolve the ambiguity in favor of the plaintiffs. The parties have admitted that the vehicle driven by Woodard was a "temporary substitute automobile." Under the liability section of the policy, a temporary substitute automobile is an "owned automobile" *873 for purposes of liability coverage. Resolving the ambiguity in favor of PIP coverage, we find that the temporary substitute automobile, which is an owned automobile under the liability section, is also an insured automobile under the PIP section.
Accordingly, the final judgment herein appealed is affirmed.