HUBBART, Judge
(dissenting).
I must respectfully dissent. I would affirm the judgment appealed from based on the authority of Aetna Insurance Co. v. Webb, 251 So.2d 321 (Fla. 1st DCA 1971).
The court neglects to point out in its opinion that the insured did not acquire initial possession of the insured vehicle upon its purchase because the dealer delivered the wrong vehicle to the insured due to a mixup in vehicle identification numbers. The wrong vehicle was soon thereafter repossessed and 19 weeks later the insured acquired possession of the insured vehicle. The trial court found coverage under Traveler’s policy for the insured’s 19 week loss of his vehicle. I agree.
In my view, the insured suffered a “direct and accidental loss” of his insured vehicle for the above period under coverage D of the Traveler’s policy as quoted above in the court’s opinion. The insured lost the use of this vehicle fortuitously or by chance, *86 without intention or design, which was unexpected, unusual and unforeseen. As such, it was an accidental loss under the established law of this state. Aetna Insurance Co. v. Webb, 251 So.2d 321 (Pla. 1st DCA 1971).
The fact that the chance mixup in identification numbers at the dealership deprived the insured of initial possession of the insured vehicle does not make it any less an accidental loss and should not now be visited upon the insured as a reason for denying coverage altogether. The fact remains that the insured lost the use of his insured vehicle by accident for which there is clear coverage under the policy herein.
I would affirm.