683 So.2d 1113 (1996)
NATIONAL INSURANCE COMPANY, Appellant,
v.
DADE MOVING & STORAGE, INC., Appellee.
No. 95-3488.
District Court of Appeal of Florida, Third District.
December 4, 1996.
John G. Shiley; Jeanne Heyward, Miami, for appellant.
Gary E. Garbis, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and SHEVIN, JJ.
NESBITT, Judge.
Dade Moving & Storage, Inc. (Dade) brought one of its vehicles to a local truck company for repair. Originally, the repair was to be done quickly, and Dade left the truck loaded. Aboard was the merchandise Dade was transporting and the truck's moving equipment. The repair eventually took several days, during which time the vehicle along with the cargo and moving equipment were stolen. The truck was later recovered. Gone, however, were a number of the cargo items and the moving equipment.
Dade had in force a commercial auto coverage policy with National Insurance Company and sued under the policy for the loss. National denied coverage on both the cargo and equipment. Both parties filed motions for summary judgment. After hearing argument, the trial court entered final summary judgment in Dade's favor.
National argues that the policy at issue did not afford coverage for the cargo. We agree. "Section II-Liability Coverage B" provided:
Exclusions
This insurance does not apply to any of the following:
6: care, custody or control:
"property damage" to or "covered pollution cost or expense" involving property transported by the "insured" or in the insured's care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.
Dade's cargo theft claim falls squarely within this exclusion. A second policy provision expressly excluded coverage for the benefit of any person or organization holding, storing or transporting property for a fee. Thus, in this case of contract interpretation, reviewing the contract, there was simply no coverage provided for the stolen cargo.
A different analysis, however, is applicable to the moving equipment, which the *1114 insurer also argues was not a covered loss. We have long held that a contract of insurance is to be construed so as to give effect to the parties' intent and if uncertainty is present in the policy it should be construed against the insurer and in favor of the insured. Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975); Aetna Ins. Co. v. Webb, 251 So.2d 321, 323 (Fla. 1st DCA 1971); see Travelers Ins. Co. v. Smith, 328 So.2d 870 (Fla. 3d DCA 1976).
The instant policy provides coverage for the auto and "its equipment," and mentions coverage for equipment in several sections. Because the vehicle insured was a moving van, absent further definition of the term "equipment," the trial court properly construed that term in Dade's favor, and held the loss of the moving equipment was a covered loss.
Accordingly, we reverse that part of the order under review construing the policy at issue as affording coverage for the lost cargo, we affirm the balance of the order.