870 So.2d 2 (2003)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Linda MORGAN, Appellee.
No. 2D02-1380.
District Court of Appeal of Florida, Second District.
June 20, 2003.
Rehearing Denied September 11, 2003.
*3 Anthony J. Parrino and Phil S. Yurecka of Reynolds & Stowell, P.A., St. Petersburg, for Appellant.
Joseph C. Whitelock of Joseph C. Whitelock, P.A., St. Petersburg, for Appellee.
NORTHCUTT, Judge.
Allstate Insurance Company challenges a summary judgment granting Linda Morgan personal injury protection benefits under an automobile insurance policy it issued to Maurice Sample. The circuit court entered the summary judgment after borrowing a definition from the liability and uninsured motorist sections of the policy in order to resolve a perceived ambiguity in the PIP section. We conclude that there was no ambiguity in the relevant language of the PIP section and that the court erred in finding that Morgan was entitled to benefits under that coverage.
Morgan was injured in a collision when operating a vehicle rented by Sample, her boyfriend. Sample had rented the vehicle while his car was being repaired. Allstate denied Morgan's claim for PIP benefits, whereupon she filed this lawsuit. The parties filed cross-motions for summary judgment. The circuit court noted that the PIP section of the policy did not define the term "insured auto," but that the liability and uninsured motorist sections of the policy defined that term to mean "a substitute private passenger auto being temporarily used while an insured auto is being serviced or repaired." Relying on Travelers Insurance Co. v. Smith, 328 So.2d 870 (Fla. 3d DCA 1976), the court borrowed that definition of "insured auto" and construed the PIP provision in favor of coverage for Morgan.
Smith was inapplicable to this case. In Smith, the policy provided PIP coverage for an "insured motor vehicle," which meant a "motor vehicle of which the ... insured is the owner." The court discerned an ambiguity because the liability section of the policy defined "owned automobile" to include a temporary substitute automobile not owned by the insured. The court resolved the ambiguity by construing the contract against the insurer, which drafted it, and in favor of the insured. Therefore, it found that the plaintiff was entitled to PIP benefits. Smith, 328 So.2d at 872-73.
Here, the PIP section of the policy contained the following relevant language:
Part III
Personal Injury Protection
Coverage VA
Allstate will pay to or on behalf of the injured person the following benefits. Payments will be made only when bodily injury is caused by an accident arising from the use of a motor vehicle as a motor vehicle.

* * *
Definitions

* * *
3. "Injured person"means
(a) Within the State of Florida
*4 (i) You or a resident relative while in, on, getting into or out of, or struck while a pedestrian by a motor vehicle.
(ii) Any other person while in, on, getting into or out of, and if a legal resident of Florida, any other person struck while a pedestrian by the insured motor vehicle.

* * *
4. "Insured Motor Vehicle"means a motor vehicle:
(a) You own, and
(b) for which the security is required to be maintained under the Florida Motor Vehicle No-Fault law, and
(c) (i) for which a premium is charged, or
(ii) a trailer designed for use with a private passenger automobile, or if not used for business purposes, a trailer designed for use with a pick up truck, panel truck or van.
Morgan was entitled to PIP benefits only if she was an "injured person" as defined in paragraph 3(a)(ii) of the PIP section definitions. She was not, because she was not riding in an "insured motor vehicle" as that phrase was specifically defined in paragraph 4 of the PIP section definitions.
In Smith, the definition of "owned automobile" elsewhere in the policy created confusion about the meaning of the phrase "motor vehicle of which the ... insured is the owner" as used but not defined in the PIP section. Here, the term "insured motor vehicle" was specifically defined, and that definition was clear and unambiguous. It simply could not be clouded by the definition of the phrase "insured auto" elsewhere in the policy.
"An insurance policy is properly construed against the insurer only if the language of the policy is deemed to be ambiguous." USAA Cas. Ins. Co. v. Gordon, 707 So.2d 1185, 1187 (Fla. 4th DCA 1998) (citations omitted). Because the language at issue here was not ambiguous, and because Morgan was not entitled to PIP benefits under that unambiguous language, we reverse the summary judgment in her favor and remand with directions to enter judgment for Allstate.
Reversed and remanded with directions.
WHATLEY and SILBERMAN, JJ., Concur.