924 So.2d 878 (2006)
PROGRESSIVE EXPRESS INSURANCE COMPANY, Petitioner,
v.
Angelo DEVITIS and Enterprise Leasing Company, Respondents.
No. 4D05-3179.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Rehearing Denied April 19, 2006.
*879 Douglas H. Stein of Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, Miami, for petitioner.
Charles M-P George of George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, Coral Gables, for respondent Enterprise Leasing Company.
KLEIN, J.
Enterprise rented a car to Goldman, and Goldman, who was personally insured by Progressive, injured a pedestrian while driving the rental car. The pedestrian sued both Progressive and Enterprise for PIP benefits in county court, which held that Progressive, not Enterprise, was liable. Progressive appealed to the circuit court which affirmed. We grant Progressive's petition for certiorari because the circuit court failed to apply the correct law. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000).
Section 627.7263(1), Florida Statutes (2002), makes the liability and PIP coverage of a lessor such as Enterprise primary, unless the rental agreement states otherwise. Here the rental agreement, as permitted by the statute, provided that the liability and PIP insurance of any authorized rental driver is primary.
The dispute arose because the Progressive policy does not provide PIP coverage for a pedestrian injured by an insured driving a rental car. In order to be entitled to PIP coverage under the Progressive policy, the claimant must be an insured person as defined in the policy. Insured person is defined as follows:
a. you or any relative sustaining bodily injury while occupying a motor vehicle, or when struck by a motor vehicle while not occupying a self-propelled vehicle; or
b. any other person sustaining bodily injury while occupying a covered vehicle, or when struck by the covered vehicle while not occupying a self-propelled vehicle.
The pedestrian in this case would qualify for PIP benefits only under paragraph b, which limits the PIP coverage to persons occupying a covered vehicle or struck by a covered vehicle. This rental car was not a "covered vehicle," which is defined as:
a. any vehicle shown on the Declarations Page, unless you have asked us to delete that vehicle from the policy;
b. any additional vehicle on the date you become the owner . . .
c. any replacement vehicle on the date you become the owner.
*880 The same issue was presented in Allstate Ins. Co. v. Morgan, 870 So.2d 2 (Fla. 2d DCA 2003), in which the claimant of PIP benefits was injured while she was driving a vehicle which had been rented by her boyfriend. The boyfriend had rented the vehicle while his own car was being repaired, and the issue was whether the Allstate policy covering his own car provided PIP benefits for the claimant injured in the rental car. The relevant Allstate policy provisions were the same as those in this case. The second district held that because the claimant was not riding in a covered motor vehicle as defined in the policy, she was not entitled to PIP benefits under the policy. We agree with Morgan.
Progressive correctly argued below that Morgan, the only district court decision on point, was controlling. Pardo v. State, 596 So.2d 665 (Fla.1992), holds that in the absence of conflicting decisions, a decision of the district court of appeal is binding on all Florida trial courts, quoting Stanfill v. State, 384 So.2d 141, 143 (Fla. 1980) as follows:
The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court.
Under Pardo and Stanfill, the circuit court was required to follow Morgan. The circuit court, accordingly, failed to apply the correct law.
Instead of following Morgan the circuit court concluded that Progressive was required to provide the PIP coverage under section 324.021(9)(b)(2), Florida Statutes (2002). Commendably, Enterprise recognizes that this statute, which makes no reference to PIP coverage, is not applicable. It argues that the circuit court, although applying the wrong law, was correct for other reasons. We disagree. Enterprise has cited no statute or case which could create PIP coverage for the pedestrian under this policy.
Enterprise points out that we have previously denied certiorari review, without opinion, in a similar case, Progressive Southeastern Insurance Co. v. Enterprise Leasing Co., Case No. 4D03-1793 (May 27, 2004). Although the PIP coverage issue was the same in that case, it differed from the present case in one very important respect, the basis for exercising our certiorari jurisdiction. In our prior case, the circuit court, in its appellate capacity, found PIP coverage under the Progressive policy because it erroneously concluded that the policy was ambiguous. That was an example of applying the correct law (the contract principle that an ambiguity is construed against the insurer) incorrectly. We did not have certiorari jurisdiction to review an incorrect application of the correct law. Ivey.
In the present case, the circuit court failed to apply the correct law twice, once when it refused to follow Morgan, and again when it found PIP coverage based on a statute which was not applicable to PIP coverage. We conclude that, under Ivey and Allstate Insurance Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003), we should exercise our discretion to review this error, and we grant the petition for certiorari.
GROSS and HAZOURI, JJ., concur.