943 So.2d 914 (2006)
DIRECT GENERAL INSURANCE COMPANY, Appellant,
v.
Aurea VREEMAN, Julio Monsanto, Elizabeth Leandry, Armando Leandry, Enterprise Leasing Company, Larry Rene Schneider, Appellees.
No. 1D05-5625.
District Court of Appeal of Florida, First District.
December 1, 2006.
*915 Anthony J. Russo, Esq., R. Steven Rawls, Esq., and Ryan K. Hilton, Esq., Butler Pappas Weihmuller Katz Craig, LLP, Tampa, for Appellant.
Dennis R. Schutt, Esq., and Brian A. Mills, Esq., Schutt, Schmidt, Burnett, and Noey, Jacksonville, for Appellees.
HAWKES, J.
Appellant, Direct General Insurance Company, appeals the trial court's order granting summary judgment in favor of Enterprise Leasing Company. The trial court held that, pursuant to section 627.7263, Florida Statutes, Appellant had the primary responsibility to provide personal injury protection (PIP) insurance coverage to Elizabeth and Armando Leandry for injuries received while driving a rental car owned by Enterprise, and that, since Enterprise had paid $20,000 in satisfaction of Appellant's PIP obligation, Appellant was required to reimburse Enterprise.
On appeal, Appellant argues the trial court erred by finding the policy issued by Appellant extended PIP coverage to the Leandrys. Specifically, Appellant argues its policy definitions defeat Enterprise's effort to shift their statutory obligation to provide PIP coverage on the rental car onto Appellant. We agree. Accordingly, we reverse and remand with directions to enter judgment in favor of Appellant.

I. FACTS

Appellant issued an insurance policy to Aurea Vreeman, providing coverage for a 1996 Saturn SL2. The policy included PIP coverage. Vreeman later executed an Endorsement Request, which added coverage for an additional car, and her friend, Julio Monsanto, and her daughter, Christine, as "additional drivers" of the vehicles covered by the policy. Appellant issued an Amended Policy Declarations page identifying Vreeman as a "named insured," and Christine Vreeman and Monsanto as "principal drivers." Monsanto was neither married to, nor otherwise related to Vreeman.
After Monsanto was identified as an "additional driver" on the Declarations Page, he rented a car from Enterprise, and listed Elizabeth Leandry as an additional driver under the rental agreement. The Leandrys are not related to anyone identified in the insurance policy Appellant issued to Vreeman. Monsanto listed Appellant's policy number under that portion of the rental car agreement providing the "valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary. . . ." Ms. Leandry then drove the rental car with her husband Armando Leandry as a passenger and, while driving, turned in front of another car, causing an automobile accident. Both of the Leandrys sustained injuries as a result of the accident. Enterprise paid approximately $20,000 to or on behalf of the Leandrys, for damages stemming from the accident.
Appellant filed a declaratory judgment action seeking a determination as to whether Enterprise's or Appellant's PIP coverage was primary. Ultimately, the trial court held the PIP statute and the rental car agreement language shifted the primary PIP obligation to Appellant. The trial court erred.

II. THE LANGUAGE OF THE PIP POLICY

The PIP portion of the insurance policy issued by Appellant to Vreeman states Appellant "will pay, in accordance with the Florida Motor Vehicle No Fault Law," for specified damages "caused by accident arising out of the ownership, *916 maintenance or use of a motor vehicle and sustained by . . . you or a relative while occupying a motor vehicle . . . or . . . any other person while occupying the insured motor vehicle. . . ." (Emphasis added).
The PIP portion of Appellant's insurance policy provided the following definitions: "You" is defined as "the Policyholder named on the Declarations Page and spouse, if living in the same household." "Insured motor vehicle" is defined as "a motor vehicle of which you are the owner and with respect to which security is required to be maintained under the Florida Motor Vehicle No Fault Law, and for which a premium is charged." "Named insured" is defined as "the person or persons named on the Declarations Page of the policy and, if an individual, shall include the spouse if a resident of the same household."
Appellant must provide PIP coverage to the Leandrys only if they come within the terms of the policy. The policy obligates Appellant to provide PIP coverage in either of two situations.
In the first situation, PIP coverage is provided to the "named insured" or a relative of a "named insured" when these individuals are occupying any motor vehicle. The Leandrys are not named insureds nor relatives of a named insured on the policy Appellant issued to Vreeman. Since the Leandrys are not named insureds, they are not entitled to coverage merely because they suffered damages while "occupying a motor vehicle." Consequently, Appellant incurs no obligation to provide PIP benefits to the Leandry's under the first provision.
In the second situation, the policy provides PIP coverage to any person who occupies "the insured motor vehicle." Under the policy, only a vehicle owned by "you," meaning Vreeman, for which a premium was collected, could qualify as an "insured motor vehicle." Since Enterprise owned the vehicle the Leandrys were driving, and the rental car was not listed on the policy Appellant issued to Vreeman, the rental car could not qualify as an "insured motor vehicle" as that term is defined by Appellant's policy. Thus, Appellant incurs no obligation to provide PIP coverage to the Leandrys under the second provision.

III. THE RENTAL CAR AGREEMENT

Enterprise seeks to avoid the policy language by relying on the coverage shifting language of the rental car agreement. The language of the agreement meets the requirements of section 627.7263, Florida Statutes. This language makes any "valid and collectible liability insurance or personal injury protection insurance of any authorized rental or leasing driver" primary. Id. Ms. Leandry is the authorized driver of Enterprise's car and she and her husband are the ones seeking benefits from Appellant's policy. Appellant's policy never extended "valid and collectible" PIP coverage to the Leandrys. The coverage shifting language of the rental car agreement cannot serve to create coverage where none otherwise exists. See Progressive Express Ins. Co. v. Devitis, 924 So.2d 878, 879-880 (Fla. 4th DCA 2006); see also Allstate Ins. Co. v. Morgan, 870 So.2d 2 (Fla. 2d DCA 2003) (finding Morgan not entitled to PIP benefits because she was not in an "insured motor vehicle" as defined in the policy's PIP definitions).
Even if the rental car agreement language purported to create coverage where none otherwise existed, an agreement between Enterprise and Monsanto is incapable of altering Appellant's contractual obligations. See Am. Auto. Ins. Co. v. Pajor, 316 So.2d 612 (Fla. 4th DCA 1975) (holding *917 stranger to an insurance contract could not unilaterally alter contract's terms by issuing a replacement policy).

IV. CONCLUSION

Under the facts of this case, Appellant is not required to provide the Leandrys with PIP coverage pursuant to the Florida Motor Vehicle No Fault Law or by the terms of the policy it issued to Vreeman. The rental car agreement cannot create coverage merely by naming Appellant's policy as primary on the rental car, regardless of the identity or number of additional drivers Enterprise may wish to authorize to drive their vehicles.
The trial court erred as a matter of law in construing the insurance contract language and the Florida Motor Vehicle No Fault Law to require Appellant to provide the Leandrys with PIP coverage. REVERSED and REMANDED with directions.
ALLEN, and BENTON, JJ., concur.