PER CURIAM.
The appellant, Leslie Shivers, was injured in an automobile accident while she was driving a vehicle that a friend had rented from Enterprise. The parties stipulated that the rental contract signed by the lessee complied with section 627.7263, Florida Statutes, in that it contained the appropriate language to make an authorized rental driver’s “valid and collectible” insurance primary for the limits of liability and personal injury protection (PIP) coverage. The lessee of the Enterprise vehicle had an automobile insurance policy through Aries Insurance Company. However, at the time of the accident, Shivers did not own a motor vehicle, nor did she reside in the same household with a relative who owned a motor vehicle. As a result, there was no PIP coverage for Shivers in her own household.
Shivers sued Enterprise for PIP benefits, but the trial court ruled that Aries, rather than Enterprise, was obligated to pay for Shivers’ PIP benefits. We reverse, because the Aries policy does not provide PIP coverage to Shivers. See Progressive Express Ins. Co. v. Devitis, 924 So.2d 878 (Fla. 4th DCA 2006); Allstate Ins. Co. v. Morgan, 870 So.2d 2 (Fla. 2d DCA 2003). The relevant provisions in the Aries policy are substantively indistinguishable from those at issue in Devitis and Morgan. Here, the Aries policy did not extend valid and collectible coverage to Shivers, nor was Aries required to provide PIP coverage to Shivers under section 627.736, Florida Statutes. Furthermore, we have considered, and rejected, Enterprise’s “statutory construction” argument that section 627.7263 requires Aries to provide PIP coverage under these circumstances. See Direct Gen. Ins. Co. v. Vreeman, 943 So.2d 914, 916 (Fla. 1st DCA 2006) (“The coverage shifting language of the rental car agreement cannot serve to create coverage where none otherwise exists.”). Consequently, Enterprise is obligated to provide PIP coverage to Shivers.

Reversed.

WARNER, GROSS and TAYLOR, JJ., concur.