# Third District Court of Appeal
## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-111
Lower Tribunal Nos. 20-89 AP, 17-6492 CC
_____

**United Automobile Insurance Company,
a Florida corporation,**
Appellant,

vs.

**Chiropractic Clinics of South Florida, PL
a/a/o Michael Akins,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Michael J. Neimand, for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellee.


Before FERNANDEZ, HENDON, and BOKOR, JJ.

HENDON, J.

United Automobile Insurance Company ("United Auto") appeals from a final summary judgment. We affirm.

In March 2014, Michael Akins ("Akins") was a passenger in a vehicle involved in an accident. The driver was the sister of the owner of the vehicle, which was covered by a policy issued to the owner by United Auto. On April 30, 2014, Akins appeared for an examination under oath conducted by United Auto. He testified in that deposition that he had lived at 2747 N.W. 131st Street, Miami, Florida, for the past seven years with his mother, Dorothy Akins, who did not have a driver's license.[1]

On May 28, 2014, United Auto sent a letter to Akins' attorney denying PIP coverage to Akins. United Auto explained that it denied coverage because the adjuster performed a statewide auto and insurance database search and concluded that, contrary to Akins' statement, Akins lived with a "Dorothy **M.** Akins" with an address of 10145 S.W. 171st Street, Miami, Florida, who owned a car insured by Infinity Insurance Company. A later statewide database search revealed that a "Dorothy **A.** Akins" lived at 2747

---

[1] If there are no motor vehicles in the victim's household, the injured party is covered by the policy covering the vehicle in which he or she was riding at the time of the accident. See Shivers v. Enter. Leasing Co., 950 So. 2d 494 (Fla. 4th DCA 2007).

N.W. 131st Street, Miami, Florida, and that she did not have a driver's license, as Akins indicated in his deposition.

On April 7, 2014, after United Auto had denied PIP coverage, Akins went to Chiropractic Clinic of South Florida ("CCSF") for treatment, and based on United Auto's denial of coverage, advised CCSF that he did not have PIP insurance coverage.[2] CCSF had Akins execute a letter of protection and treated him. On January 12, 2015, Akins' attorney advised United Auto that it was mistaken as to coverage and was actually the insurer. On that same day, CCSF sent its bill to United Auto.

On August 8, 2017, CCSF filed its complaint against United Auto as Akins' assignee asserting two counts: Breach of Contract, and Declaratory Judgment seeking a declaration that Akins is covered by United Auto's insurance policy. United Auto denied all relevant allegations and raised the affirmative defense that CCSF failed to timely submit its medical bill within thirty-five days of the medical services having been rendered, as required by section 627.736(5)(c), Florida Statutes. CCSF denied the affirmative defense based on equitable estoppel, waiver, and lack of prejudice.

---

[2] The purpose of PIP benefits is to provide up to $10,000 for medical bills and lost wages without regard to fault. See, e.g., §§ 627.731, 627.736, Fla. Stat. (2020). PIP benefits are an integral part of the no-fault statutory scheme. Flores v. Allstate Ins. Co., 819 So. 2d 740, 744 (Fla. 2002).

In June 2018, during discovery, Dorothy **M.** Akins stated that she owned a car insured by Infinity Insurance, was not Akins' mother, did not know Akins, and did not live at the address Akins provided in his deposition as his mother's address. Despite United Auto's error, it continued to deny Akins PIP coverage until November 2018. On November 18, 2018, United Auto conceded that Akins was covered by its PIP policy but maintained that CCSF's late billing precluded payment.

Both parties submitted motions for summary judgment and stipulated no facts were in dispute. United Auto also stipulated to the reasonableness of CCSF's charges. The only issue was United Auto's late billing defense. The trial court held a hearing,[3] denied United Auto's motion for summary judgment, made findings of fact and conclusions of law, and granted CCSF's cross-motion for summary judgment. United Auto appeals.

Our standard of review is de novo. <u>Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126 (Fla. 2000).

<u>Discussion</u>

Section 627.736(5)(c)(I)(a) and (b) provides, in relevant part:

> (c) With respect to any treatment or service, other than medical services billed by a hospital or other provider for emergency services and care as defined ins. 395.002 or inpatient services

---

[3] There is no transcript of the summary judgment hearing in the record on appeal.

4

rendered at a hospital-owned facility, <u>the statement of charges must be furnished to the insurer by the provider and may not include, and the insurer is not required to pay, charges for treatment or services rendered more than 35 days before the postmark date or electronic transmission date of the statement</u>, . . .

> 1. If the insured fails to furnish the provider with the correct name and address of the insured's personal injury protection insurer, the provider has 35 days from the date the provider obtains the correct information to furnish the insurer with a statement of the charges. The insurer is not required to pay for such charges unless the provider includes with the statement documentary evidence that was provided by the insured during the 35-day period demonstrating that the provider reasonably relied on erroneous information from the insured and either:

> a. A denial letter from the incorrect insurer; or

> b. Proof of mailing, which may include an affidavit under penalty of perjury, reflecting timely mailing to the incorrect address or insurer.

(Emphasis added). United Auto argues that pursuant to section 627.736(5)(c)1a. and b., it is not responsible for paying CCSF, the provider, because Akins gave CCSF the wrong information when he told CCSF that he did not have PIP coverage. United Auto argues that, as a result of Akins' erroneous statement to CCSF, CCSF relied on that information and did not timely bill United Auto. United Auto argues that even if the provider billing exception in 1.a and b applies, CCSF did not provide a denial letter or a statement that it reasonably relied on Akins' erroneous information.

5

When all permissible inferences are viewed in a light most favorable to CCSF on United Auto's motion for summary judgment, considering that Akins and CCSF relied to their detriment on United Auto's denial of coverage, we conclude that the principles of equitable estoppel apply. See, e.g., Glantzis v. State Auto. Mut. Ins. Co., 573 So. 2d 1049, 1051 (Fla. 4th DCA 1991) (finding insurer was equitably estopped from relying upon the statute of limitations because of its conduct); Pro. Underwriters Ins. Co. v. Freytes & Sons Corp., 565 So. 2d 900, 902 (Fla. 5th DCA 1990) (holding the general rule in applying equitable estoppel to insurance contracts provides that estoppel may be used defensively to prevent a forfeiture of insurance coverage); Bishop v. Progressive Exp. Ins. Co., 154 So. 3d 467, 468 (Fla. 1st DCA 2015) (holding "coverage by estoppel" requires a representation of material fact, reasonable reliance, and a detrimental change in position (i.e., prejudice) as a result of the reliance, which are generally questions for the trier of fact.").

The elements necessary for application of equitable estoppel are: "(1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." Council Bros., Inc. v. City of Tallahassee, 634 So. 2d 264,

266 (Fla. 1st DCA 1994) (quoting Dep't of Revenue v. Anderson, 403 So. 2d 397, 400 (Fla. 1981)). Generally, estoppel may only be applied in cases of misrepresentations of fact, not misstatements of law. Id. at 266. Hamilton Downs Horsetrack, LLC v. State Dep't of Bus. & Pro. Regul., Div. of Pari-Mutuel Wagering, 226 So. 3d 1046, 1051 (Fla. 1st DCA 2017). Equitable estoppel is based on principles of fair play and essential justice and arises when, as in this case, one party lulls another party into a disadvantageous legal position. The doctrine of equitable estoppel is, as the Florida Supreme Court stated, "applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury." State ex rel. Watson v. Gray, 48 So. 2d 84, 87–88 (Fla.1950) (quoting 3 Pomeroy's Equity Jurisprudence § 804 (5th ed.1941)).

Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct. The doctrine bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct. Equitable estoppel thus functions as a shield, not a sword, and operates against the wrongdoer, not the victim. Major League Baseball v. Morsani, 790 So. 2d 1071, 1076–77 (Fla. 2001) (citations

7

omitted). The doctrine has been recognized as a valid defense to a limitations-period defense. Id.; see also Noble v. Yorke, 490 So. 2d 29, 31 (Fla. 1986) (holding absent specific statutory provision, there is no rule of law which in general exempts statutory rights and defenses from the operation of the doctrine of equitable estoppel).

Through no fault of his own, Akins was advised by United Auto that he was not covered by PIP, and relying on this information he told CCSF that he had no PIP coverage. Neither Akins nor CCSF discovered United Auto's error until January 2015, and CCSF sent its bill to United Auto within thirty-five days of that discovery.  Despite this, United Auto continued to deny coverage until November 2018, months after discovery revealed that United Auto had based its denial of coverage on the wrong Dorothy Akins. The problem is one of United Auto's making, not Akins' or CCSF's.

United Auto denied Akins had PIP coverage based on United Auto's faulty research –not, as United Auto asserts, on Akins' failure to provide accurate information. Once forced to concede its error, United Auto changed its tactic, and sought to avoid coverage by arguing CCSF failed to submit its bill within the statutory thirty-five days from provision of services. This is a circumstance in which equitable estoppel applies in order to avoid an unreasonable and unjust result.  We conclude, on de novo review, that

8

United Auto was properly estopped from denying coverage based on its own conduct.

Affirmed.