ON MOTION TO DISMISS

LOGUE, J.
This matter comes before us on a motion to dismiss the instant appeal as to the following appellees: Darelynn Prejean- *387 Graves, Barry Lee, and Sea Level Marine, LLC. We grant the motion to dismiss as to Sea Level Marine because the notice of appeal was filed more than thirty days after rendition of the final summary judgment entered in favor of Sea Level Marine. Fla. R. App. P. 9.110(b). But we conclude that the notice of appeal of.,the final judgment was sufficient to include the order directing a verdict for Prejean-Graves and Lee under rule 9.110. The notice of appeal was filed within thirty days of the order directing the verdict. The notice names Prejean-Graves and Lee in the caption. The final judgment .attached to the notice mentions that both of these appellees were granted a directed verdict in their favor and grants all third party defendants (including Prejean-Graves and Lee) costs agáinst appellant, Matthew Pakonis. '
In these circumstances, any defect in failing to expressly name Prejean-Graves and Lee as appellees in the notice of appeal or the failure to attach the directed verdict order to the notice should be treated as non-jurisdictional. As stated in the comments to the governing rule, “[t]he advisory committee intended that, defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.” Fla. R. App. P. 9.110(d), comm, notes (1977 amend.); see also Westfield Ins. Co. v. Sloan, 671 So.2d 881 (Fla. 5th DCA 1996) (allowing a party to be added to the notice of appeal absent prejudice to the opposing party). Accordingly, appellant Pakonis is ordered to file an amended initial brief as to appellees Scott Clark, Prejean-Graves, and Lee, only, within twenty days of the date of this opinion.
ROTHENBERG, J., concurs. .