# Third District Court of Appeal

## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1830
Lower Tribunal No. 14-25285
_____

**Aundrea Cole,**
Appellant,

vs.

**Citizens Property Insurance Corporation, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Cernitz Shanbron, LLC, and Justin Cernitz; Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellant.

Mandelbaum, Fitzsimmons, Hewitt & Cain, P.A., and Samuel R. Mandelbaum (Tampa); Link & Rockenbach, P.A., and Kara Rockenbach Link (West Palm Beach), for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

SCALES, J.

Appellant, co-plaintiff below, Aundrea Cole, is the named insured on a homeowner's insurance policy issued by appellee, defendant below, Citizens Property Insurance Corporation ("Citizens"). Cole, and her co-plaintiff, A.M.Z. Investment Group, LLC (the "LLC"),[1] appeal the trial court's May 17, 2019 order dismissing, with prejudice, their Fourth Amended Complaint against Citizens. Because the operative complaint adequately alleged that Cole had an insurable interest in the property and that the LLC had standing, we reverse the trial court's dismissal order.

According to appellants' complaint,[2] approximately two months after Cole obtained the subject policy, Cole "changed the structure of the

---

[1] The LLC did not file its own notice of appeal and Cole's notice of appeal did not identify the LLC as an appellant. Further, the cover pages of Cole's initial and reply briefs identify only Cole as an appellant. Nevertheless, Cole's briefing includes argument on behalf of the LLC, and Citizens, rather than challenging the LLC's status as a proper appellant (via a motion to dismiss or otherwise), filed an answer brief that responds to Cole's appellate argument pertaining to the LLC. At oral argument, in response to a panel member's question, Citizens argued for the first time that the LLC's failure to file a notice of appeal deprives us of jurisdiction to review the challenged order as it relates to the LLC. We conclude, however, under the facts and circumstances presented here, that the LLC's failure to file a notice of appeal did not prejudice Citizens, see Pakonis v. Clark, 183 So. 3d 386, 387 (Fla. 3d DCA 2014), and thus, we have jurisdiction to review that portion of the challenged order dismissing, for lack of standing, the LLC's claims against Citizens.

[2] For the purposes of our *de novo* review of an order granting a motion to dismiss a complaint, this Court accepts as true all well pled allegations in the

2

ownership of the subject insured dwelling, by transferring ownership of the property into a corporate entity, A.M.Z. Investment Group, LLC., in which [Cole] is a 25% member." Later that same year (2013), the property suffered damage as a result of two vandalism losses.

Cole and the LLC brought the instant action alleging Citizens breached the insurance contract by failing to fully indemnify Cole and the LLC for the losses allegedly covered under the policy. The lawsuit also sought declaratory relief regarding coverage under the policy. Citizens moved to dismiss the complaint asserting that, because of Cole's transfer of the property to the LLC without Citizens's consent, Cole had no insurable interest in the property and the transferee LLC lacked standing to enforce the insurance policy.

The trial court agreed with Citizens, and entered the challenged final order determining, as a matter of law, that "once Aundrea Cole transferred her interest in the subject property to the limited liability corporation, Aundrea Cole no longer had an insurable interest in the property and therefore cannot maintain this lawsuit against [Citizens]." The trial court also found, without further elaboration, that the LLC "lacks standing to sue Citizens."

---

complaint. Chakra5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018).

3

We reverse the dismissal order as to Cole because "[i]n Florida an 'insurable interest' is not determined by the concept of title, but rather whether the insured has a substantial economic interest in the property." Aetna v. King, 265 So. 2d 716, 718 (Fla. 1st DCA 1972). The King case is premised upon section 627.405 of the Florida Statutes that, among other things, defines what constitutes an "insurable interest" in property. This statute reads, in its entirety, as follows:

(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.

(2) "Insurable interest" as used in this section means any actual, lawful, and *substantial economic interest* in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

§ 627.405, Fla. Stat. (2013) (emphasis added).

Cole's complaint alleges that, notwithstanding her quitclaim of the property to the LLC, she maintained an insurable interest in the property. At this stage of the proceedings, the trial court was required to accept that allegation as true. Whether and to what extent Cole has a "substantial economic interest" in keeping the subject property "free from loss,

4

destruction, or pecuniary damage" presents a fact issue that cannot be resolved, as a matter of law, at this stage of the litigation. See e.g., Rivera v. Praetorian Ins. Co., No. 8:18-cv-1059-T-23SPF, 2020 WL 3250131, at *3 (M.D. Fla. Mar. 31, 2020) (denying summary judgment for insurer because extent to which prior owner, who conveyed title to another, retained a "substantial economic interest" in insured home presented dispute of material fact).

We similarly reverse the trial court's dismissal as to the LLC's lack of standing to sue Citizens. "Generally, the issue of standing is not properly raised in a motion to dismiss unless the allegations of the complaint or its attachments negate a plaintiff's standing." Wilmington Sav. Fund Society, FSB v. Contreras, 278 So. 3d 744, 748 (Fla. 5th DCA 2019). As mentioned in note 2, *supra,* under our *de novo* standard of review we must accept as true the LLC's well pled allegations. Sousa v. Zuni Transp., Inc., 286 So. 3d 820, 822 (Fla. 3d DCA 2019). We are compelled to reverse because, in the operative complaint, the LLC alleged both that it had an insurable interest as the owner of the property, and that Citizens had not paid it in full for covered losses. Id.

We therefore reverse the trial court's May 17, 2019 final order dismissing the claims of both Cole and the LLC.

5

Reversed.[3]

---

[3] Our opinion simply concludes that, in the Fourth Amended Complaint, appellants have made sufficient allegations to withstand Citizens's motion to dismiss. We express no opinion on the extent, if any, of either appellant's insurable interest in the property. We also express no opinion as to any coverage defenses that Citizens may interpose to appellants' claims, or whether either appellant is an insured under the policy.