# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.

————————————

No. 3D19-1830
Lower Tribunal No. 14-25285

————————————

**Aundrea Cole,**
Appellant,

vs.

**Citizens Property Insurance Corporation, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Cernitz Shanbron, LLC, and Justin Cernitz; Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellant.

Mandelbaum, Fitzsimmons, Hewitt & Cain, P.A., and Samuel R. Mandelbaum (Tampa); Link & Rockenbach, P.A., and Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach), for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

SCALES, J.

Appellant, co-plaintiff below, Aundrea Cole, is the named insured on a homeowner's insurance policy issued by appellee, defendant below, Citizens. Cole, and her co-plaintiff, A.M.Z. Investment Group, LLC (the "LLC"),[1] appeal the trial court's May 17, 2019 order dismissing, with prejudice, their Fourth Amended Complaint against Citizens. Because the operative complaint adequately alleged that Cole had an insurable interest in the property and that the LLC had standing, we reverse the trial court's dismissal order.

According to appellants' complaint,[2] approximately two months after Cole obtained the subject policy, Cole "changed the structure of the

---

[1] The LLC did not file its own notice of appeal and Cole's notice of appeal did not identify the LLC as an appellant. Further, the cover pages of Cole's initial and reply briefs identify only Cole as an appellant. Nevertheless, Cole's briefing includes argument on behalf of the LLC, and Citizens, rather than challenging the LLC's status as a proper appellant (via a motion to dismiss or otherwise), filed an answer brief that responds to Cole's appellate argument pertaining to the LLC. At oral argument, in response to a panel member's question, Citizens argued for the first time that the LLC's failure to file a notice of appeal deprives us of jurisdiction to review the challenged order as it relates to the LLC. We conclude, however, under the facts and circumstances presented here, that the LLC's failure to file a notice of appeal did not prejudice Citizens, see Pakonis v. Clark, 183 So. 3d 386, 387 (Fla. 3d DCA 2014), and thus, we have jurisdiction to review that portion of the challenged order dismissing, for lack of standing, the LLC's claims against Citizens.

[2] For the purposes of our *de novo* review of an order granting a motion to dismiss a complaint, this Court accepts as true all well pled allegations in the

2

ownership of the subject insured dwelling, by transferring ownership of the property into a corporate entity, A.M.Z. Investment Group, LLC., in which [Cole] is a 25% member." Later that same year (2013), the property suffered damage as a result of two vandalism losses.

Cole and the LLC brought the instant action alleging Citizens breached the insurance contract by failing to fully indemnify Cole and the LLC for the losses allegedly covered under the policy. The lawsuit also sought declaratory relief regarding coverage under the policy. Citizens moved to dismiss the complaint asserting that, because of Cole's transfer of the property to the LLC without Citizens's consent, Cole had no insurable interest in the property and the transferee LLC lacked standing to enforce the insurance policy.

The trial court agreed with Citizens, and entered the challenged final order determining, as a matter of law, that "once Aundrea Cole transferred her interest in the subject property to the limited liability corporation, Aundrea Cole no longer had an insurable interest in the property and therefore cannot maintain this lawsuit against [Citizens]." The trial court also found, without further elaboration, that the LLC "lacks standing to sue Citizens."

---

complaint. Chakra5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018).

We reverse the dismissal order as to Cole because "[i]n Florida an 'insurable interest' is not determined by the concept of title, but rather whether the insured has a substantial economic interest in the property." Aetna Ins. Co. v. King, 265 So. 2d 716, 718 (Fla. 1st DCA 1972). The King case is premised upon section 627.405 of the Florida Statutes that, among other things, defines what constitutes an "insurable interest" in property. This statute reads, in its entirety, as follows:

> (1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
>
> (2) "Insurable interest" as used in this section means any actual, lawful, and *substantial economic interest* in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
>
> (3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

§ 627.405, Fla. Stat. (2013) (emphasis added).

Cole's complaint alleges that, notwithstanding her quitclaim of the property to the LLC, she maintained an insurable interest in the property. At this stage of the proceedings, the trial court was required to accept that allegation as true. Whether and to what extent Cole has a "substantial economic interest" in keeping the subject property "free from loss,

4

destruction, or pecuniary damage or impairment" presents a fact issue that cannot be resolved, as a matter of law, at this stage of the litigation. See e.g., Rivera v. Praetorian Ins. Co., No. 8:18-cv-1059-T-23SPF, 2020 WL 3250131, at *3 (M.D. Fla. Mar. 31, 2020) (denying summary judgment for insurer because extent to which prior owner, who conveyed title to another, retained a "substantial economic interest" in insured home presented dispute of material fact).

We similarly reverse the trial court's dismissal as to the LLC's lack of standing to sue Citizens. "Generally, the issue of standing is not properly raised in a motion to dismiss unless the allegations of the complaint or its attachments negate a plaintiff's standing." Wilmington Sav. Fund Society, FSB v. Contreras, 278 So. 3d 744, 748 (Fla. 5th DCA 2019). As mentioned in note 2, *supra,* under our *de novo* standard of review we must accept as true the LLC's well pled allegations. Sousa v. Zuni Transp., Inc., 286 So. 3d 820, 822 (Fla. 3d DCA 2019). We are compelled to reverse because, in the operative complaint, the LLC alleged both that it had an insurable interest as the owner of the property, and that Citizens had not paid it in full for covered losses. Id.

We therefore reverse the trial court's May 17, 2019 final order dismissing the claims of both Cole and the LLC.

Reversed.[3]

<u>On Motion for Rehearing Rehearing *En Banc*, Certification and Clarification</u>

PER CURIAM.

On July 17, 2021, Citizens filed a Motion for Rehearing, Rehearing *En Banc*,[4] Certification and Clarification (the "Motion"). In the Motion, Citizens argues, *inter alia*, that the recent opinion of our sister court in <u>Reconco v. Integon National Insurance Co.</u>, 312 So. 3d 914 (Fla. 4th DCA 2021) compels affirmance. <u>Reconco</u>, though, is inapposite. We therefore deny the motion for rehearing but write separately to address Citizens's argument that our panel decision is in conflict with <u>Reconco</u>. We deny the motions for certification and clarification without comment.

In <u>Reconco</u>, after the mortgagor/homeowner failed to maintain the insurance required by the mortgage, the bank as mortgagee obtained forced-placed insurance for the encumbered property. The forced-placed

---

[3] Our opinion simply concludes that, in the Fourth Amended Complaint, appellants have made sufficient allegations to withstand Citizens's motion to dismiss. We express no opinion on the extent, if any, of either appellant's insurable interest in the property. We also express no opinion as to any coverage defenses that Citizens may interpose to appellants' claims, or whether either appellant is an insured under the policy.

[4] This opinion does not address the motion for rehearing *en banc*.

policy obtained by the bank explicitly stated that only the mortgagee was the insured under the policy and that there was no contract of insurance with the mortgagor. Id. at 915 ("The contract of insurance is only between the NAMED INSURED and [the Insurer]. There is no contract of insurance between the BORROWER and the [Insurer].").

After the mortgaged property suffered hurricane damage, the mortgagor, dissatisfied with the insurer's loss payment to the mortgagee, filed a declaratory action against the insurer attempting to invoke the policy's appraisal clause to obtain additional loss payments. In her complaint (to which the forced-placed policy was appended), the mortgagor alleged she was an intended third-party beneficiary of the mortgagee's forced-placed insurance policy and, therefore, had standing to sue the insurer. Affirming the trial court's dismissal of the mortgagor's complaint for lack of standing, the Fourth District concluded that the policy's explicit language disclaiming the mortgagor's third-party beneficiary status "expresses a clear and manifest intent *not* to benefit [the mortgagor]." Id. at 919.

In the Motion, Citizens argues that, pursuant to Reconco, we should affirm the trial court's dismissal of Cole's Fourth Amended Complaint for lack of standing because Cole's insurance policy with Citizens (which was attached to the complaint) does not identify the LLC as an insured. Citizens

7

argues that, as in <u>Reconco</u>, the trial court could adjudicate the LLC's lack of standing at the dismissal stage, for the pleadings and exhibits show that the LLC was not an insured under the policy.

<u>Reconco</u>, though, is distinguishable because the insurance policy in <u>Reconco</u> expressly and specifically excluded the mortgagor as an insured under the policy. Thus, the attachment to the <u>Reconco</u> complaint conclusively negated the plaintiff's standing. <u>See</u> <u>Wilmington Sav. Fund Society, FSB</u>, 278 So. 3d at 748. In this case, the insurance policy is silent as to the LLC's status as an insured, and the policy does not expressly exclude coverage for the LLC. Because the LLC has alleged an insurable interest in the property that is not expressly negated by the insurance policy attached as an exhibit to the complaint, the LLC has stated a cause of action sufficient to survive the dismissal stage.

Motion for rehearing denied. Motions for certification and clarification denied.